LINDSEY et al. v. CITY OF NACOGDOCHES et al.     (No. 6684.)

(Court of Civil Appeals of Texas. Galveston. June 19, 1914. Rehearing Denied Oct. 8, 1914.)

MUNICIPAL CORPORATIONS (§ 266*)—PUBLIC IMPROVEMENTS—STATUTES.

Acts 31st Leg. (2d Called Sess.) c. 14, empowering towns, cities, and villages to improve streets, alleys, etc., provides in section 11 that the benefits thereof shall apply to any city when the governing body thereof shall submit the question of its adoption or rejection to a vote of the resident property taxpayers who are qualified voters at a special election called for that purpose. This act was carried into Rev. Stat. 1911, arts. 1006–1017; the only changes being the use of the words "chapter" and "article" in place of the words "act" and "section," as used in the act. Held, that such act was in full force and effect after the Revised Statutes became effective, and the submission to the voters of a city of the question of adopting its provisions was not invalid, though all the proceedings were had thereunder and referred to that act instead of to the Revised Statutes, and though the Revised Statutes took effect before the petition for the election was presented to the city council, especially in view of section 16 of the final title of the Revised Statutes, which provides that the provisions of the Revised Statutes, so far as they are substantially the same as statutes in force when the Revised Statutes shall go into effect, shall be construed as continuations thereof, and not as new enactments.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 712; Dec. Dig. § 266.*]

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by Robert Lindsey and others against the City of Nacogdoches and others. From a judgment for the City, plaintiffs appeal. Affirmed.

Geo. F. Ingraham and June C. Harris, both of Nacogdoches, for appellants. C. A. Hodges, of Nacogdoches, for appellees.

McMEANS, J. In 1909 the Thirty-First Legislature at its second called session adopted an act designated chapter 14, which provided that:

"Towns, cities and villages incorporated under either general or special law, which shall accept the benefits of this act as herein provided, shall have power to improve any street, avenue, alley, highway, public place or square, or any portion thereof within their limits, by filling grading, raising paving or repaving the same in a permanent manner or, by the construction or reconstruction of sidewalks, curbs and gutters or by widening, narrowing or straightening the same and to construct necessary appurtenances thereto, including sewers and drains."

Section 11 of the act provides that:

"The benefits of this act shall apply to any city and the terms thereof extend to the same, when the governing body thereof shall submit the question of the adoption or rejection hereof, to a vote of the resident property tax payers who are qualified voters of said city at a special election called for the purpose by said city. And said election shall be held as nearly as possible in compliance with the law with reference to regular city elections in said city; but said governing body is hereby empowered by resolution to order said election and prescribe the time and manner of holding the same. Said body shall canvass and determine the results of such election and if a majority of the voters voting upon the question of the adoption of this act at such election shall vote to adopt the same, the result of the election shall by said governing body be entered upon their minutes, and thereupon all of the terms hereof shall be applicable to and govern such city adopting the same. A certified copy of said minutes shall be prima facie evidence of the result of such election and the regularity thereof, and the facts therein recited shall in all courts be accepted as true. Whenever this act has been adopted by any city the governing body thereof shall have full power to pass all ordinances or resolutions necessary or proper to give full force and effect thereto and to every part thereof. Whenever one hundred qualified voters in any city shall in writing petition for an election to determine the adoption of this act, it shall be the duty of its governing body to order such election."

The act was carried into the Revised Statutes of 1911, and is therein designated chapter 11, tit. 22.

The city of Nacogdoches is a municipal corporation chartered under the general laws. After the adoption of the Revised Statutes of 1911, which went into effect September 1, 1911, a requisite number of qualified voters, in writing, petitioned the city council of the city of Nacogdoches, the governing body, to order an election to determine whether the city of Nacogdoches should adopt the benefits and terms of chapter 14, acts of the second called session of the Thirty-First Legislature. Thereafter, on September 12, 1912, the city council adopted a resolution ordering an election in said city for the adoption or rejection of the benefits and terms of "chapter 14, Acts of the Second Called Session of the Legislature of the state of Texas, Laws 1909, with reference to the construction of permanent street improvements in said city." A notice of the election was duly given, which prescribed the form of ballot as follows:

"Official Ballot.—For the adoption of chapter 14, Acts of the 2nd Called Session of the 31st Legislature of Texas, Laws 1909, with reference to the construction of permanent street improvements. Against the adoption of chapter 14, Acts of the 2nd Called Session of the 31st Legislature of Texas, Laws 1909, with reference to the construction of permanent street improvements."

The election was held on October 29, 1912, and resulted in favor of the proposition submitted. On November 5, 1912, the city council adopted an ordinance or resolution declaring the result of the election, which resolution, with its preamble, is as follows:

"Resolution declaring the result of an election of the resident property taxpayers who are

qualified voters of the city of Nacogdoches, adopting the benefits of chapter 14, Acts of the 31st Legislature of Texas, Second Called Session, and being title 22, chapter 11, of the Revised Civil Statutes of 1911, and is article 1006 to 1017, inclusive.

"Be it ordained and resolved by the city council of the city of Nacogdoches:

"Whereas, heretofore, to wit, on the 29th day of October, A. D. 1912, an election was held by the resident property taxpayers who are qualified voters of the city of Nacogdoches in the said city, for the purpose of the acceptance or rejection of the terms and benefits of chapter 14 of the Laws of the 31st Legislature, Second Called Session, and approved May 10, 1909, and being also title 22, chapter 11, of the Revised Civil Statutes of the state of Texas, 1911, said acts passed in 1909 entitled:

"'An act to authorize incorporated towns, cities and villages in the state of Texas to construct permanent street improvements, and assessed part of the cost thereof against the owners of property abutting upon such improvements and their property, * * * occupying streets or highways improved and their property, and to provide for the enforcement and collection of such assessments, and to provide for the submission hereof to a vote of the resident property taxpayers who are qualified voters of such towns, cities, and villages and declaring an emergency.'

"And whereas, said election was, in all things, held in accordance to law and with proceedings had with reference thereto by said council; and

"Whereas, after the said election the vote cast was canvassed in open meeting of said city council in accordance to law and said vote was by said city council found and determined to have resulted as follows, to wit:

"For the acceptance of the terms and benefits of said act being title 22, chapter 11, in the Revised Civil Statutes of 1911, 168 votes for the acceptance of same, and

"Against the adoption of the terms and benefits of said act and being chapter 11, title 22, of the Revised Civil Statutes of 1911, 148 votes; and

"Whereas, it was found and determined that said election resulted in the acceptance of same and in favor of the adoption of the terms and benefits of said acts, being chapter 11 of title 22 of the Revised Civil Statutes of 1911.

"Section 1. That the said act above entitled and described, and being chapter 11, title 22, of the Revised Civil Statutes of the state of Texas of 1911, and being articles 1006 to 1017, inclusive, thereof, be, and the same is, hereby declared to have been adopted within the said city of Nacogdoches by the said election and that the same is from and after this date in full force and effect in the said city of Nacogdoches, that this resolution and ordinance shall be entered upon the minutes of the city council.

"Section 2. That this ordinance and resolution shall take effect and be in force from and after its passage."

On June 23, 1913, the appellant Robert Lindsey and several others, plaintiffs, brought this suit against the city of Nacogdoches to restrain it from claiming and exercising the powers prescribed by chapter 11, tit. 22, of the Revised Civil Statutes of 1911, alleging that the election before mentioned was not one submitting to the voters the question of determining whether the benefits and terms of chapter 11, tit. 22, of the Revised Statutes, should be adopted or rejected. They also alleged in effect that they were property owners in the city of Nacogdoches, and that their property would be affected with liens, and the title thereof

clouded by the enforcement or attempted enforcement of the ordinances of the city, adopted for the purpose of carrying out the powers conferred by the act. No question is made as to the sufficiency of the petition to state a cause of action, if the city was without lawful authority to enforce the powers claimed under the act.

The case was tried before the court without a jury, and resulted in a judgment for the city, and, from that judgment, the plaintiffs have appealed.

The contention of the appellants is well stated in the first proposition under their first assignment of error, which we quote:

"Chapter 14 of the Acts of the Thirty-First Legislature, Second Called Session 1909, was a legislative enactment and was the law until the Revised Statutes went into effect on September 1, 1911. The Revised Statutes, being also a legislative enactment, became the law, and as the Revised Statutes of 1911 have embodied in them the act of 1909, with the exception that until September 1, 1911, a town desiring to adopt the benefits of the law of 1909 could adopt it by submitting to the qualified voters the question of whether or not they would adopt chapter 14, Acts of the Thirty-First Legislature, Second Called Session 1909, and, if a majority favored it, the city would have the powers mentioned therein; but after September 1, 1911, the question to be submitted would be whether or not the city would adopt the provisions of chapter 11, tit. 22, of the Revised Civil Statutes of 1911; and an election held on October 12, 1912, to adopt the provisions of chapter 14, Acts of the Second Called Session of the Thirty-First Legislature 1909, would not confer upon the city the powers mentioned in chapter 11, tit. 22, Revised Civil Statutes of 1911, and the judgment of the court should have been for the plaintiffs, and is therefore contrary to the evidence."

We are of the opinion that appellants' contention cannot be sustained. The Acts of the Thirty-First Legislature, c. 14, Second Called Session, was in full force and effect at the time the petition for the election was presented to the city council, and when the election was ordered and held and the result declared, notwithstanding that between the time of the passage of the act and the holding of the election the Revised Civil Statutes of 1911 had been adopted. In carrying the act into the Revised Statutes, no changes whatever in the body of the law were made; the only difference between the two being that, where, in the act, the words "act" and "section" are used, the words "chapter" and "article" are used in the Revised Statutes. In revising the statute, the commissioners of revision were not authorized to make changes in the substance of the statute laws of the state, but simply to arrange them in convenient form. To make sure that such laws were not materially changed by such revision, the Legislature which adopted the Code, as revised, enacted a chapter of general provisions to govern in the construction and application of the laws embraced in the Revised Statutes, of which general provisions section 16 is in these words:

"That the provisions of the Revised Statutes, so far as they are substantially the same as the statutes of this state in force at the time when the Revised Statutes shall go into effect, or of the common law in force in this state at said time, shall be construed as continuations thereof, and not as new enactments of the same."

Therefore the question here presented is to be determined just as if the Revised Statutes of 1911 had never been adopted by the Legislature. Fischer v. Simon, 95 Tex. 240, 66 S. W. 447, 882. Looked at from this viewpoint, then, we conclude that the proceedings assailed were not invalid merely because they were had under the authority of the act of 1909 instead of under chapter 11, tit. 22, of the Revised Statutes of 1911, and, in adopting the provisions of the act mentioned, the voters in fact adopted all the provisions and benefits of chapter 11, tit. 22, of the Revised Statutes. This view leads to an affirmance of the judgment of the court below, and renders it unnecessary to discuss the cross-assignments urged by appellee, or the other assignments of error presented by appellants, which have been carefully examined by us and found to point out no reversible error. The judgment of the court below is affirmed.

Affirmed.