### F. & M. Fischer v. M. Simon.

No. 1065. Decided February 10, 1902.

, 1.—Revision of Statutes—Construction.    :

The incorporation of former enactments in the Revised Statutes of 1895 should be deemed but a continuation of former laws, and they will receive the same construction which would be given to the original act. (Pp. 239, 240.)

2.—Same—Powers of Sale—Notice.

The requirement in article 2369, Revised Statutes, of such notice of sale of real estate under powers conferred by a deed of trust "as *now* required in judicial sales," must be held to mean such notice as was required when the act of March 21, 1889, from which the language was taken, was passed, and does not make necessary written notice to the owner in person, if a resident of the county, as was required by the law as to judicial sales in force when the Revised Statutes went into effect. (Pp. 238-241.)

Questions certified by the Court of Civil Appeals for the First District, in an appeal from Washington County.

The respective opinions of the Court of Civil Appeals for the Fourth District, in Swain v. Mitchell, and of the First District in this case, as originally delivered, were as follows:

Fly, Associate Justice (From opinions delivered in Swain v. Mitchell, Fourth District, October 30, 1901).—Under an act passed in 1889, now article 2369, Sayles' Statutes, it was provided that "all sales of real estate made in this State under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated," and that "notice shall be given as now required.

in judicial sales." That law has not been changed or amended. At the time the law in question was enacted, the law as to judicial sales did not require the service of a notice of sale on the defendant in execution, and no such requirement existed until 1895, when the present law was enacted. The law as to sales under trust deeds was not changed to conform to the requirements of the amendment of 1895, and the requirements of the law as to judicial sales as it existed in 1889 must be looked to in ascertaining the notice that should be given of a sale under a trust deed. Had the language of the Act of 1889 been "notice shall be given as required in judicial sales," the statute as to judicial sales in effect at the time of sale under the trust deed would prescribe the method of giving notice, but the language confines the notice to such as is "now required," that is, at the time of the enactment of the law. It can not be maintained that there was a re-enactment of this law by the adoption of the Revised Civil Statutes in 1895, for in the act adopting them it is provided "that the provisions of the Revised Statutes so far as they are substantially the same as the statutes of this State in force at the time when the Revised Statutes shall go into effect, or the common law in force in this State at said time, shall be construed as continuations thereof, and not as new enactments of the same."

GILL, ASSOCIATE JUSTICE (From opinion delivered in Fischer v. Simon, First District, November 20, 1901).—We are of opinion, however, that the word "now" occurring in article 2369 should be read and given its meaning in the light of the context and the apparent purpose of the Legislature as gathered from the entire article, which is as follows:

"All sales of real estate made in this State under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated. Notice shall be given as now required in judicial sales, and such sale shall be made at public vendue between the hours of 10 a. m. and 4 p. m. of the first Tuesday in any month; provided, that when such real estate is situated in an unorganized county such sale shall be made in the county to which such unorganized county is attached for judicial purposes, and where such real estate is situated in two or more counties, the sale may be made in any county where any part of the real estate is situated *after notice as required in judicial sales* has been given in every county in which any part of such real estate is situated."

Looking to the evil to be remedied and the entire context, we think it fairly appears that the word "now" was not intended to have the significance sought to be given it by appellee, and that the evident purpose of the Legislature was to bring all sales under powers within the control of the laws governing judicial sales in force at the time of the execution of the power. The article applicable to judicial sales in force at the date of the passage of article 2369, supra, has been repealed and is superseded by article 2366. The life of the article in force at the

date of the enactment of article 2369 can not be preserved by the mere presence of the word "now." The other article was on a different subject and was in no sense written into article 2369. The old article having been repealed, might become a forgotten law, and it is unreasonable to suppose the Legislature intended that parties making deeds of trust should through all subsequent time bear in mind the provisions of a repealed article not in terms bearing either directly or remotely on the subject of sales under powers. The law of judicial sales in force at the date of the passage of article 2369 is not brought forward in the Revised Code of 1895, and is not now in force for any purpose. We think the maker of the trust deed must be held to have had in mind the law of judicial sales when he made the instrument, and intended that the acts of the trustee should be governed by the law of judicial sales concurrent with the instrument.

*Beauregard Bryan,* for appellants.—The rule of statutory construction is that statutes bearing on the same subject are construed to relate to each other, and each succeeding amendment thereof (without such construction) would be violation of all sense, and as such construction can be placed on the Statutes of Texas, to wit, article 2369 and 2366, regulating sales under deeds of trust and execution, without in any way violating the sense, meaning, or policy of said statutes, the court evidently erred in construing the statute in its narrowest and most technical sense, and without regard for the sense or policy of the statute regulating sales. 23 Am. and Eng. Enc. of Law, 285, 286; Goillotel v. New York, 87 N. Y., 444; Carpenter v. Shimer, 24 Hun, 464.

*Searcy & Garrett,* for appellee.—The decision of this question will establish an important rule of property in this State as to real estate, and it is awaited with considerable interest throughout the State, in view of the fact that the San Antonio court, in the case of Swain and wife v. Mitchell, 3 Texas Court Reporter, 408, and the Dallas court, in the case of Martin v. Yaites, not yet published, have decided the question directly opposite to the decision rendered in this case by the Galveston court.

At the time the above statute was passed, in 1889, the notice required in judicial sales was prescribed by article 2309, Revised Statutes, 1879, which is as follows:

"Art. 2309. The time and place of making sale of real estate, in execution, shall be publicly advertised by the officer for at least twenty days successively next before the day of sale, by posting up written or printed notices thereof at three public places in the county, one of which shall be the door of the courthouse of the county."

Our contention is, that by the adoption of the Act of 1889, first above quoted, article 2309, last above quoted, became a part and parcel of it, and that the Act of 1889, properly construed, should read as follows as to the notice: "Notice shall be given as now required in judicial

sales, to wit, by publicly advertising the sale for at least twenty days successively next before the day of sale, by posting up written or printed notices thereof at three public places in the county, one of which shall be at the door of the courthouse of the county."

In the case of Marston v. Yaites, not yet reported, decided by the Dallas court, the decision by the San Antonio court in Swain v. Mitchell, supra, is followed, though the court makes no reference to the last case.

Any person of ordinary intelligence, upon reading article 2369, and meeting with the word "now," would at once inquire as to the time referred to, and upon observing the marginal notes of the statute, he would find that the word was used in 1889. And his next inquiry naturally would be as to what notice was required in judicial sales at that time. "Words referring to time are to be construed as spoken at the time when the act took effect, unless other intent appears." 23 Am. and Eng. Enc. of Law, 327. The act in which the word "now," meaning "the present time," appears, took effect in 1889.

In construing a statute on which titles to land depend, that rule and construction should prevail, if reasonable, that has been followed by the people, in order to prevent great mischief and the disturbance of property rights. 23 Am. and Eng. Enc. of Law, 342; 5 Cranch, 32. The appellate courts of the State, located in different sections, have passed on three cases involving the construction of this statute, and in each case the trustee placed upon the statute the construction contended for in this case by the appellee. Inquiry on our part discloses that a similar construction has pretty generally prevailed, and if the construction of the statute by the Galveston court obtains, there will no doubt follow mischievous disturbance of titles by litigation.

It may be insisted it was the evident intention of the Legislature, in adopting the Revised Statutes, that, by carrying forward article 2369 into the Revised Statutes, the word "now" meant the statute then in force as to notice in judicial sales. We do not think that contention is at all tenable, and believe it to be completely answered by the decisions in Swain v. Mitchell, 3 Texas Court Reporter, 408, and Marston v. Yaites, by the Dallas court, supra. The commissioners who revised the statutes were not given power to enact laws, neither could they repeal a law. If our position is correct, that when article 2369 was enacted in 1889, the reference therein to the notice required in judicial sales by use of the word "now," which was prescribed by article 2309, Revised Statutes, 1879, had the effect to adopt and incorporate article 2309 into article 2369, as a part and parcel of the same, then, there having been no subsequent legislation on the subject of sales of real estate by trustees, article 2369 remained intact as originally passed, and so being in force at the time the Revised Statutes of 1895 went into effect, the fact that it was brought forward by revision into the Revised Statutes, 1895, in the exact language as passed in 1889, (article 2309, Revised Statutes 1879, being incorporated and adopted therein), according to section 19, Final Title, p. 1105, Revised Stat-

utes, 1895, "shall be construed as continuations thereof, and not as new enactments of the same."

GAINES, Chief Justice.—The Court of Civil Appeals for the First Supreme Judicial District have certified to this court for decision the following questions:

"In this cause now pending before us on appeal, we rendered judgment on the 28th day of November, 1901, reversing the judgment of the trial court and remanding the cause. Since this action on the part of this court, our attention has been called to the fact that in reversing the judgment we announced a holding in direct conflict with an opinion rendered by Associate Justice Fly, of the Court of Civil Appeals at San Antonio, in the case of Swain and wife v. Mitchell, reported in volume 3 of the Texas Court Reporter, page 408. At the time we considered and decided the cause, the case cited had not been reported and was not otherwise called to our attention. Inasmuch as no motion for rehearing has been filed in this cause, we have this day set aside the judgment on our own motion and now certify the point of conflict for your decision. We set aside our judgment, not because we believe it erroneous, but because, in the absence of a motion for rehearing, we consider that course the correct practice. We adhere to our holding and do not concur in the ruling announced by the Court of Civil Appeals of the Third [Fourth] District in the case cited, supra. In so far as necessary to disclose the point of conflict, the nature of the suit and the facts as disclosed by the record are stated as follows:

"This was a suit in trespass to try title brought by appellee, J. H. Simon, to recover of F. Fischer and his wife, M. Fischer, about 6½ acres of land in the city of Brenham, Washington County, Texas.

"Appellants answered by plea of not guilty, general denial, and specially that appellee claimed title by purchase made at trustee's sale under a deed of trust with power of sale and that the sale was void because no written notice of the proposed sale was served on him as required by the law governing such sales. Appellants prayed that the sale be declared void and the cloud upon their title be removed.

"A trial before the court without a jury resulted in a judgment in favor of appellee for the land. There is no statement of facts in the record, but the trial court found the facts to be as follows:

"'In January, 1896, defendant F. Fischer and one H. Knittel, now deceased, executed and delivered to V. A. Williams a deed of trust on the land described in plaintiff's petition, in which T. B. Botts was named the trustee, to secure certain indebtedness due by said Fischer to said Williams, evidenced by their promissory note. That thereafter, on August 12, 1898, said Botts as trustee, upon the request of said V. A. Williams, duly advertised said land for sale for the time and in the manner required by law, as provided in article 2369, Revised Statutes, 1895, and sold same at public auction at the courthouse door

in Brenham, Washington County, Texas, on the first Tuesday in September, 1899, at which sale the plaintiff became the purchaser for a valuable consideration of $320 paid by him to said trustee, and received from him a deed to said land. That said Fischer had oral notice of said sale, but no written notice was served on him, and his attorney gave notice at the sale that it had not been served on him.

"'Both parties claimed under a common source by agreement in open court.'

"The statutes in force governing judicial sales at the date of the original enactment of article 2369 did not require written notice to the execution debtor. The law in force at the time the sale in question was made required that in judicial sales the defendant should have written notice in addition to the published notice required by law.

"We reversed the judgment on the ground that the failure of the trustee to serve written notice of sale on Fischer as required by the law of judicial sales in force at the date of the deed of trust and date of sale rendered the sale void. In so concluding, we held that under the provisions of Revised Statutes, article 2369, the law of judicial sales in force at the date of the trust deed and of the sale should have controlled the trustee.

"The Court of Civil Appeals of the Fourth District has held on a similar state of facts that the law is otherwise.

"We also respectfully certify for your decision this question:

"Was the failure of the trustee to serve upon the debtor written notice of the contemplated sale such a departure from his power as conferred and restricted by the trust deed or such an irregularity as to render void the sale by the trustee?"

The decision of the question depends upon the proper construction of article 2369 of the Revised Statutes of 1895, which, in so far as it bears upon the point, reads as follows: "All sales of real estate made in this State under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated. Notice shall be given as now required in judicial sales, and such sales shall be made at public vendue between the hours of 10 o'clock a. m. and 4 o'clock p. m. of the first Tuesday in any month," etc. This provision first became a law by an act of the Twenty-first Legislature, approved March 21, 1889 (Laws 1889, page 143), and is incorporated in the Revised Statutes in precisely the same language. The question is: Does the word "now" refer to the time at which the Revised Statutes went into effect, or to the time at which the original act became a law; and this depends in a measure upon the further question, whether it was the intention of the Legislature which enacted the Revised Statutes to make them a mere compilation of the laws then existing or to incorporate in the revision, by changes and amendments, new legislation. This is not an open question in this court. The point came before us for consideration in the case of the Hartford

Fire Insurance Company v. Walker (2 Texas Court Reporter, 242; 94 Texas, 473), and it was there held that the Revised Statutes of 1895 were but the continuation of the former laws. In the opinion, Mr. Justice Brown, speaking for the court, says: "In the act of the Legislature authorizing the revising of the laws of the State, which became a law in 1891, the codifiers were required in revising the laws to include all articles of the former Revised Statutes which had not been repealed, and to add in their order the amendments of the Revised Statutes, where they were expressed as amendments of certain articles, in the order in which they should come according to their subjects and the numbers of the articles given, and concerning other statutes, this language is used: 'And all other of said statutes passed as aforesaid which are general and permanent in their nature shall be collated and arranged into their proper titles, chapters, and articles with marginal references and chapter headlines similar to those used in the present Revised Statutes; provided, that in revising the statutes referred to in this section, said commissioners shall, without making radical changes therein, so revise them as to render them concise, plain, and intelligible.' The commissioners for revision were not authorized to make changes in the substance of the statute laws of the State, but simply to arrange them in convenient form. To make sure that the laws of the State were not materially changed by such revision, the Legislature which adopted the code as revised enacted a chapter of general provisions to govern in the construction and application of the laws embraced in the Revised Statutes, of which general provisions section 19 is in these words: 'That the provisions of the Revised Statutes, so far as they are substantially the same as the statutes of this State in force at the time when the Revised Statutes shall go into effect, or of the common law in force in this State at the said time, shall be construed as continuations thereof and not as new enactments of the same.'" In the article construed in that case, the Revised Statutes used the words "this chapter" instead of the words "this act," as used in the original statute; and the effect of the change, if literally construed, was very materially to enlarge the scope of the law; yet it was held that the construction of the original statute should govern. If, under the act which authorized the appointment of commissioners to revise our statutes and the Revised Statutes themselves as adopted by the Legislature, it is proper to hold that a material change of phraseology in the latter was not intended to change the construction of a law, it follows for a stronger reason that it must be held that no change of construction was intended when the same language is employed. Therefore, the question is to be determined just as if the Revised Statutes had never been adopted by the Legislature. Since the rule is that a statute speaks as of the time at which it takes effect, it follows that by the words "notice shall be given as now required in judicial sales," the Legislature meant to provide that in all sales under trust deeds and the like made after the act became operative, notice should be given

as required by the laws for judicial sales existing at that time, and the effect was to incorporate the law as to notice as to sales under execution in the act itself and to make such laws a part thereof. The result is the same as if, instead of making the existing requirements of the law as to notice in judicial sales a part of the act by merely referring thereto, the Legislature had inserted such requirements in specific terms without such reference. If the purpose had been to make the law of notice as to sale under powers given in contract liens conform to such laws as to notice in judicial sales, as might be in effect at the time the sale was made, it seems to us that they could and would have used apt words to express such intention. If the word "now" had been omitted, then a doubt might have arisen as to whether it was the purpose to make the then existing law as to judicial sales apply at all times, or to provide that the requirements as to judicial sales existing at the time of the sale under a power, should be observed. But it seems to us that the word "now" removes the difficulty and leaves no room for construction as to the legislative intent in that particular.

We conclude that personal notice to the mortgagor was not a prerequisite to a valid sale, and therefore answer the question in the negative.