### R. M. WILLIS v. J. P. ALVEY AND R. V. DAVIDSON.

#### Decided June 24, 1902.

**Trust—Corporation as Trustee—Incapacity—Equity Power—Will.**

Where a testatrix devised a part of her property to a corporation in trust for certain beneficiaries, to be paid to them as in the judgment and discretion of the trustee their necessities should properly require, it is held, in an action under the statute to construe the will and bringing in question the validity of such devise because of alleged incapacity of the trustee to execute such a trust, that even if the trustee be incompetent, the trust will not thereby fail, as a court of equity has power in such case to appoint a proper trustee.

Appeal from the District Court of Galveston County. Tried below before Hon. Wm. H. Stewart.

*Crawford & Crawford,* for appellant.

*John C. Walker* and *F. D. Minor,* for appellees.

GILL, ASSOCIATE JUSTICE.—On September 6, 1899, Mrs. Narcissa Willis died possessed of a large estate and left a will disposing of her entire property. The devisees named were her two daughters and her grandchildren, a specific bequest of $20,000 being also made to her son Short A. Willis and one of $5000 to Miss Kate E. Saunders. A de-

vise of $50,000 to her daughter, Mrs. B. O. Walthew, was given in trust to the Texas Guaranty and Trust Company to be held in trust by it, the income to be paid to Mrs. Walthew during her life, remainder to her children. A bequest of $25,000 was made to the Guaranty and Trust Company for the benefit of Mrs. Kate E. Grigsby, a daughter of the testatrix, upon the same terms and conditions. The entire residue of the estate after the payment of legacies and expenses was bequeathed to the trust company to be held by it in trust for the grandchildren in equal portions, to be handled and invested by the trust company and to be paid to the beneficiaries when they arrived at the age of 21 years or at other times stated in the will. The trust company was authorized to appropriate to its own use reasonable compensation for executing the trust. J. P. Alvey and R. V. Davidson were named as independent executors, and the sum of $15,000 was bequeathed to them in equal portions in lieu of all other compensation for their services.

The estate consisted of both realty and personal property, and they were empowered and directed to convert all or any part of the estate into money, if necessary for the purpose of paying debts and legacies, and when the debts and legacies were paid and their duties ended they were directed to turn over the residue of the estate to the guaranty and trust company according to the terms of the will. The testatrix expressed the desire that the estate should be administered independent of the probate court as far as the law would permit.

The will was duly probated in the probate court of Galveston County, and by the 18th of August, 1900, the executors had wound up the estate, paid the debts and legacies, and were ready to turn over the remainder of the estate to the trust company as directed by the will. It was not found necessary to sell the real estate in order to discharge the debts and legacies, and realty amounting to a large proportion of the residuary estate remained on hand to be turned over to the trustees.

At the date of the death of Mrs. Willis her heirs at law were her children, Short A. Willis, R. M. Willis, Mrs. K. E. Grigsby, Bettie O. Walthew, and two grandchildren, viz., Lee Willis and Laura Willis.

The evidence as to the manner of the incorporation of the Texas Guaranty and Trust Company, the nature and extent of its corporate powers, and its permit to do business in this State, is undisputed and need not be set out here. The record is referred to for the facts in that connection as well as for the full text of the parts of the will assailed.

On the 18th day of August, 1900, R. M. Willis, one of the sons of deceased, filed in the probate court of Galveston County an application to set aside and annul as unlawful the sixth, tenth, eleventh, and fifteenth paragraphs of the will.

A trial before the court resulted in a judgment upholding the will, and the applicant prosecutes this appeal.

The paragraphs assailed are those which bequeath property to the trust

company in trust for Mrs. Grigsby, Mrs. Walthew, and the grandchildren, and authorize the executors to turn over the property to the trust company under the terms of the will. These paragraphs are lengthy and it is unnecessary to set them out in full, as the features forming the basis of attack may be very briefly stated.

The grounds on which the paragraphs are assailed are that the Texas Guaranty and Trust Company is a corporation having no power under its charter or the corporation laws of Texas to take and execute such a trust. It is also contended that even if the powers conferred by the will came within the scope of the company's charter provisions, the bequest is void because the company has no lawful corporate existence and for that reason can not take. Appellants urge that as an inevitable result the property is left in the hands of the executors with no power or authority from any source to dispose of it, and a perpetuity is thereby created.

Appellees contend that the trust company is under the law and its charter competent to take and execute the trust, and that if this were not true the sections of the will creating the trust are nevertheless valid as against appellant, because, (1) R. M. Willis is not a devisee and has no such interest in the fund as entitles him to raise the question; and (2) equity never wants a trustee, and if the trustee named is for any reason disqualified to take, the court will appoint a competent trustee to carry out the clearly expressed wishes of the testatrix.

Neither the trust company nor the beneficiaries named in the will are made parties defendant.

The contest was evidently instituted under articles of the Revised Statutes 1991 to 1994, authorizing anyone interested in an estate to institute a proceeding to suspend or annul a will or any of its provisions which might be unlawful. The statute governing such a proceeding authorizes the applicant to make the executors parties.

Whether the objection urged against the will, bringing in question as it does the capacity of a trustee to take thereunder, is within the purview of the statute, and whether an adverse judgment would bind the trustee, it not being made a party, we do not deem it necessary to decide. Nor do we deem it necessary to determine whether under the facts the trustee named has power to take and execute the trusts.

We shall dispose of this case as if all the objections to the capacity of the trustee were well taken. It should be borne in mind that the trust company is in no sense a beneficiary under the will. It is no more than an instrumentality selected by the testatrix to carry out certain provisions of the will for the benefit of beneficiaries named and ascertained. Perry on Trusts, sec. 49.

The two daughters and the grandchildren are the real objects of the testatrix's bounty, and equity will not allow the trust to fail because of the mere incapacity of the trustee.

It is true that the manner of its investment and to some extent the necessities of the beneficiaries and the amounts to be paid to them dur-

ing the continuance of the trust is left to the judgment and discretion of the trust company, but ultimately the entire fund is by the terms of the will bequeathed to others than the trust company, without even the power of selection or nomination on its part.

It is well settled that in such a case courts of equity will not allow the trust to fail, but will appoint a competent trustee. Perry on Trusts, sec. 38.

And where such discretion as to the necessities of the beneficiaries is left to the trustee the courts will assume the power to exercise discretion, if by any possibility it can be fairly done. Id., secs. 249-251.

The paramount purpose of the testatrix was to bestow certain property upon the named beneficiaries, and the instrumentality selected for the purpose will be treated as a minor consideration.

There is nothing in the will to indicate that the testatrix would have selected different beneficiaries or died intestate as to this portion of her estate had she known the trustee named would be debarred from executing the trust.

The alleged incapacity of the trustee is the only objection urged against the sections of the will which are assailed in this proceeding, and it seems to us that in determining whether they are valid it is proper to consider whether in a proceeding instituted by the beneficiaries a court of equity would appoint another trustee to execute the provisions of the will.

In Bell County v. Alexander, 22 Texas, 359, Chief Justice Wheeler quoted with approval the following from Viday v. Girard's Executors, 2 Howard, 187:

"Although it was in early times held that a corporation could not take and hold real estate in trust, upon the ground that there was a defect in one of the requisites to create a good trustee, viz., the want of confidence in the person, yet that doctrine has long since been exploded as unsound and too artificial, and it is now held that where a corporation has legal capacity to take real and personal estate it may take and hold it upon trust as a private person may do. It is true that if the trust be repugnant to or inconsistent with the proper purposes for which the corporation was created, that may furnish a ground why it may not be compelled to execute it. But that will not furnish a ground to declare the trust itself void if otherwise unexceptionable, but it will simply require a new trustee to be substituted by the proper court possessing equity jurisdiction to enforce and perfect the objects of the trust."

In Cook on Corporations, section 679, it is said: "If a corporation be incompetent to act as trustee the devise or grant will not thereby become void. A court of equity will appoint a proper trustee to carry out and execute the trust." See also Church, etc., v. United States, 136, U. S., 1-52; Perry on Trusts, sec. 249.

We think the contention that the trust fails because of the incapacity

of the trustee and that the property descends to the heirs according to the laws of descent and distribution is untenable. The courts will not allow the rights of the beneficiaries to be thus defeated.

It follows that the failure of the trustee does not have the effect to leave the property in the hands of the executors indefinitely, therefore the objection that a perpetuity is created is alike without merit. The judgment should be affirmed, and it is so ordered.

*Affirmed.*

· Writ of error refused.