**BOYD et al. v. JOHNSON et al. (No. 6498.)**

(Court of Civil Appeals of Texas. San Antonio. July 1, 1921.)

**1. Appeal and error ⬉719(5) — Objections without assignment of error ineffectual.**

Where appellant objected to the introduction in evidence of certain instruments, but assigned no errors on the court's action in admitting them, the court's action is not reviewable.

**2. Mortgages ⬉374—One claiming under trustee's deed must prove regularity of sale.**

One claiming title under trustee's deed must show that the trustee exercised his powers in strict conformity with his written authority, and where a deed of trust provided that the trustee should sell the property "at the request of the holder of the notes, after having posted notices of such sale in the manner therein specifically provided," and that recitals in any deed of the trustee should be prima facie evidence of nonpayment of the notes "or as to the request to sell, the time, place, terms of sale, and property to be sold, having been duly published, or as to any other act or thing having been duly done by the trustee," but the trustee's deed thereunder, while reciting other acts done, did not recite any request that the sale be made or that notice of sale was published, nor was other proof of these facts made at the trial of the title, the person claiming under the trustee's deed could not prevail.

**3. Evidence ⬉353(3) — Recital in notice of sale not evidence.**

In action involving the title of one claiming under deed by trustee under a deed of trust, a recital in the notice of sale under the deed of trust, that the trustee had been requested by the holder of the notes to make the sale, could not be regarded as probative evidence of the fact recited.

**4. Evidence ⬉353(3)—Recital in appointment of substitute trustee.**

In action involving the title of one claiming under deed by trustee under a deed of trust, a recital in the written appointment of a substitute trustee that the original trustee had removed from the county could not serve upon trial on the merits as evidence of that fact.

**5. Appeal and error ⬉672—Fundamental error of record held presented.**

Where appellants assigned as error the action of the court below in peremptorily instructing the jury for appellees, fundamental error apparent of record was presented.

Appeal from District Court, Nueces County.

On motion for rehearing. Motion granted, judgment reversed, and cause remanded.

For original opinion, see 233 S. W. 864.

SMITH, J. As shown in the original opinion, appellee by cross-action in the form of an action in trespass to try title, sought recovery of title to the land in controversy. Appellant pleaded not guilty.

[1] Appellee, in support of its action, introduced the deed to it from the substitute trustee. It also introduced the written appointment of the trustee. Appellant objected to the introduction of both instruments, but has assigned no errors upon the action of the court in overruling those objections, and therefore this action of the court cannot be considered or reviewed here. Accordingly, both instruments must be given all the probative force they would have had if no objections had been made to them at any time.

[2] The deed of trust provided, among other things, that it should be the duty of the trustee to sell the property, at the request of the holder of the notes, after having posted notices of such sale in the manner therein specifically provided.

It was further provided that any recital in any deed of the trustee or his substitute as to nonpayment of the notes, "or as to the request to sell, the time, place, terms of sale, and property to be sold, having been duly published, or as to any other act or thing having been duly done by the trustee or substitute, shall be taken by any and all courts of law and equity as prima facie evidence that the statements or recitals do state facts, and are without further question to be accepted."

In the substitute trustee's deed to appellee, the nonpayment of the notes was recited, the time, place and terms of the sale were given, and the property described, but there was no recitation that the holder of the notes or other person requested the sale to be made, or that notice of the sale was published; nor was any proof of these facts made upon the trial. In this state of the case the question arises, Did the burden rest upon appellee, in the absence from the trustee's deed of any recital of the facts, to show by testimony that the substitute trustee was requested by the holder of the notes to make the sale, and that notice of the sale was published as provided in the deed of trust and by law? The question has been quite difficult to determine, but we have concluded that it should be answered in the affirmative.

The power of sale vested in a trustee is an extremely harsh method to use in the collection of debts, and the tendency of the courts has ever been to strictly construe the authority, duties, and prerogatives of the trustee. "The course marked out for the trustee to pursue must be strictly followed," said Chief Justice Willie, in Fuller v. O'Neil, 69 Tex. 349, 6 S. W. 181, 5 Am. St. Rep. 59, and the present Chief Justice of this court, in Bemis v. Williams, 32 Tex. Civ. App. 393, 74 S. W. 332, had this to say upon the question:

"It is the unbroken rule that a power of sale given in a deed or mortgage must be strictly followed in all its details. The authority to alienate and convey the property of another is an extraordinary and most important grant of power, so much so that courts governed by the common law for a long time viewed such grants with suspicion, and although they increased in number until they are in universal use in England and America, the strictness required in their execution has never been relaxed, and even in minor and seemingly unimportant details contained in such grants of power no change will be tolerated, but a strict and literal compliance therewith is demanded. The trust must be executed in the mode and upon the exact terms and conditions prescribed in the deed of trust. If the property is to be sold in a certain place, at a certain time, or in a certain manner, as at private sale or public auction, with the consent or at the request of certain persons, these details must be literally followed and carried out, because the owner of the property has so provided. The details may appear frivolous and unimportant, but the maker of the deed saw proper to guard and protect his property by means of them, and from that reason they become important and essential."

We are of the opinion that the same reasons which require the trustee to strictly pursue the course laid out for him in the deed of trust require also that one claiming title under the trustee's deed must show affirmatively that the trustee has exercised his powers in strict conformity with his written authority. In the deed of trust this trustee's course is expressly defined, step by step. It is only by pursuing this course literally and in good faith that he acquires the power to divest the mortgagor of his property and vest it in another. And when he does exercise this power and sells the mortgagor's property, the purchaser at such sale who invokes the authority of the courts to sustain his title must show that the trustee under whom he claims has duly acquired the power to convey, by strictly following the course laid out for him. This may be shown by specific recitals in the deed from the trustee, but it is only from express recitals that the presumption of regularity arises. Presumption that the trustee had authority to convey does not arise from the mere fact of the execution of the conveyance, unless in the lapse of time and the death of witnesses or destruction of records and evidence the facts constituting authority cannot be shown by parol. Except in that contingency, the facts must be shown in one way or another. Recitals of the facts in the trustee's deed constitute prima facie evidence of the facts so recited, but even then such recitals may be rebutted by parol testimony. So, when a recital of a material fact to show authority of the trustee is omitted from the deed, such fact must be supplied by parol; otherwise the purchaser's case is not made.

[3, 4] Appellee here was asserting title through a trustee's deed. This deed recited some of the essentials authorizing the trustee to sell and convey, but it did not recite that he was requested by the holder of the notes to make the sale, or that notice of such sale was published as required in the deed of trust, or by law—two essential steps in the course of the proceeding. It is true that a copy of the notice of sale was put in evidence, but there was no attempt to show the manner of its publication, or that it was published at all. It is true also that this notice of sale contained a recital that the trustee had been requested by the holder of the notes to make the sale, but this recital in that instrument cannot be regarded as probative evidence of the fact recited, any more than a recital of a material fact in a citation introduced in evidence upon the trial of a case on the merits may suffice to establish the fact so recited. The introduction of the notice could serve no other purpose than to show the character of that notice, just as the

introduction of a citation may serve no other purpose than to show the character of the summons. The same may be said of the introduction in this case of the written appointment of the substitute trustee. The written appointment was evidence of the fact of the appointment but of no other fact; and the recital in that instrument that the original trustee had removed from the county could not serve upon the trial of the case on its merits as evidence of that fact. Ward v. Forrester, 35 Tex. Civ. App. 319, 80 S. W. 127.

It was expressly provided in the deed of trust in this case that, if the trustee's deed should recite that the sale was made upon the request of the holder of the notes, and that notice of the sale had been duly published, such recital should be "taken by any and all courts of law and equity as prima facie evidence" of such facts. We must assume that in placing this provision in the deed of trust the parties intended that in the absence of such recitals from the trustee's deed those facts could not be presumed, but must be proven. The failure to recite these facts in the trustee's deed may well serve to throw some doubt upon the actual occurrence of those facts, and this doubt may be enhanced by the inclusion in the deed of the recital of other essential facts provided for in the deed of trust, thus emphasizing the absence of the recitals mentioned. These conjectures give rise to the further suggestion that, if notice of the sale was not published in the manner provided for, then we have at least one explanation of the gross inadequacy of the price at which the property involved was sold.

[5] The matters here considered have not been presented in the form in which we have discussed them. But as appellants have assigned as error the action of the court below in peremptorily instructing the jury in favor of appellees, fundamental error apparent of record is presented, and we have concluded that the judgment of the court below should be reversed and the cause remanded, in order that the whole case may be tried upon its merits, to which end the parties should be permitted to replead if they desire.

The motion for rehearing is granted, the judgment is reversed, and the cause remanded for another trial.