**SMITH et al. v. ALLBRIGHT et al.**
**(No. 6715.)**

(Court of Civil Appeals of Texas. Austin. March 26, 1924.)

1. Mortgages ⬅356 — Trustee's sale without publication of notice void.

Trustee's sale of land under trust deed, dated October 26, 1893, requiring such notice as is required in judicial sales, without publication of notice in newspaper as then required by Acts 1893, c. 15, governing judicial sales, held void, notwithstanding Rev. St. 1911, art. 3759.

2. Mortgages ⬅360—Power of sale under trust deed must be executed in strict accord with restrictions.

Power of sale under trust deed is harsh remedy, and must be executed in strict accord with restrictions and requirements of deed.

3. Mortgages ⬅374—Trustee's deed executed after full compliance with trust deed as to publication, and posting of notice of sale valid, though facts are not recited.

Trustee's deed, executed after full compliance with provisions of trust deed as to publication and posting of notice of sale, is valid, though it does not fully recite all the facts, and persons deraigning title through it are entitled to prove such facts.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error** ⊛—1177(7) — **Cause remanded to permit evidence of compliance with trust deed as to publication of notice of sale.**

On reversal for failure of trustee's deed, through which appellees deraigned title, to show publication of notice of sale as required by trust deed, cause will be remanded to permit evidence of such fact, where appellees, by reason of trial court's acceptance of both deeds as sufficient, were not called on to offer further evidence.

**5. Evidence** ⊛—383(7)—**One asserting title under trustee's deed must show publication of notice of sale, unless evidence of execution of trust waived in deed.**

In absence of provision in trust deed that recitals in trustee's deed as to full execution of trust shall be taken as evidence thereof, one asserting title under trustee's deed must show that notices of sale were published as required by trust·deed.

**6. Trusts** ⊛—171—**Powers distinct from those of trustee.**

Powers of executor or administrator and trustee are separate and distinct.

**7. Trusts** ⊛—169(1)—**Will not fail for want of trustee.**

A trust will not fail for want of a trustee.

**8. Trusts** ⊛—243—**Deed from trustee appointed by foreign court as successor to testamentary trustees held sufficient.**

Deed from trustee, appointed by foreign court 19 years after probate of will, which provided no method of selecting successors to trustees, by order reciting death of one, resignation of another, and appointment of grantor as their successor, as shown by certified copy of proceedings, filed under Rev. St. 1911, arts. 7875–7878, *held* sufficient; presumption being that appointment was legally made, and that trustee was proper grantor.

**9. Wills** ⊛—434 — **Recorded copies of foreign probate of will held sufficient ·muniments of title in trustees to authorize conveyance of land·in Texas without probating will therein.**

Certified copies of foreign probate of will, devising property to trustees, their heirs, executors, etc., as joint tenants, with full power to sell and convey, recorded as prescribed by Rev. St. 1911, arts. 7875–7878, and Acts 1915, c. 69 (Vernon's Ann. Civ. St. Supp. 1918, arts. 7878a, 7878b), *held* sufficient muniments of title in trustees to authorize them to convey testator's land in Texas without probating will therein.

**10. Wills** ⊛—434—**Trustee with full power under foreign will to convey may convey land in Texas without probating will therein.**

A foreign will, probated in another, state, giving executor or trustee full power to convey property, need not be probated in Texas to authorize conveyance of land therein.

**11. Trusts** ⊛—243—**Substitute trustee has same powers as predecessor.**

A successor or substitute trustee has the same powers as his predecessor.

**12. Executors and administrators** ⊛—69—**Failure to include property in inventory does not affect estate's title.**

Failure of executor or administrator to include property belonging to estate in inventory does not affect estate's title under Rev. St. art. 3348.

**13. Trespass to try title** ⊛—33—**Plaintiffs may amend before trial to set up after-acquired title.**

While generally plaintiff in trespass to try title must recover on title owned by him when suit was brought, he may amend at any time before trial to set up an after-acquired title, abandon his old cause of action, and set up trespass at later date, and may also allege trespass on date before suit was filed.

**14. Costs** ⊛—51—**Plaintiff setting up new cause of action in trespass to try title liable for costs accruing before amendment.**

Plaintiff, setting up new cause of action by amendment in trespass to try title, is liable for all costs accruing up to time of filing amended pleading.

**15. Corporations** ⊛—432(4)—**Sealed deed, properly executed and acknowledged, carries prima facie authority for execution.**

A corporation's properly executed and acknowledged deed, bearing corporate seal, carries prima facie authority for its execution without reciting resolution of board of directors, under Rev. St. art. 1173.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Action by J. E. Allbright against Annie E. Smith·and others, in which Hattie M. Futch and husband were made parties defendant. From judgments for plaintiff and impleaded defendants, defendants appeal. Reversed· and remanded.

Miller & Brown, of Brownwood, for appellants.

Courtney Gray and I. J. Rice, both of Brownwood, for appellees.

BAUGH, J. We copy the following substantial statement of the nature and result of the suit, as agreed to by appellees, from appellants' brief:

"On January 4, 1922, appellee, J. E. Allbright, instituted this suit in the district court of Brown county against appellants, Annie E. Smith et al., in trespass to try title and for possession of lots Nos. 9 and 10 in block C, and lots 7, 8, 9, 10, 11, and 12 in block B of the T. E. Smith addition to Brownwood. February 20, 1923, said appellee filed his first amended original petition, wherein he made Hattie M. Futch, joined pro forma by her husband, W. L. Futch, parties defendant. On the same day defendants Hattie M. Futch and husband voluntarily appeared and filed their answer, consisting of general exception, general denial, plea of not guilty, and attempting to set up a cross-action for the recovery of lots 10, 11, and 12 above described, February 21, 1923, appellants filed their first amended orig-

inal answer, which consisted of general exception, general denial, plea of not guilty, and cross-action for the recovery of all the lots in controversy, said cross-action containing the usual averments in trespass to try title, pleas of limitation of three, five, and ten years, and alleged that the claim of appellees constituted a cloud on their title, and prayed judgment for the title and possession of the land, that the cloud cast on their title be removed, that they be quieted in their title and possession of said land, and for general and special relief. Appellants on the same date of filing said above answer filed a separate answer to the answer and cross-action of appellee Hattie M. Futch, consisting of (a) general exception; (b) special exception on the ground that said plea had just been filed, and its allegations showed it was based on a claim of title acquired since the institution of the suit; (c) special exception because said plea was a misjoinder of parties and causes of action, in that said appellee was impleaded by appellee Allbright, voluntarily appeared and joined with plaintiff, and made common cause against appellants; said answer further consisted of general denial, plea of not guilty, and cross-action for the recovery of the lots, alleging that the claim of title of appellee Futch was acquired since the institution of the suit, was void and of no force or effect, and that appellants were entitled to have the cloud thereby cast on their title canceled and removed in this action. The court heard and considered appellants' exceptions to plaintiffs' petition, and to said answer and plea of appellee Futch, all of which exceptions were by the court overruled, and appellants excepted. The case proceeded to trial on February 28, 1923, before the court without a jury, and the court rendered judgment in favor of appellee Allbright for the title and possession of lots 7, 8, and 9 in block B, and lots 9 and 10 in block C above described, and in favor of appellee Futch for the title and possession of lots 10, 11, and 12 in block B above described, and against appellants for all costs. Appellants in due time filed their motion for new trial, which was overruled by the court, to which action appellants duly excepted and gave notice of appeal, filed appeal bond, and have brought the case before this court for review."

Further facts pertinent to the issues raised will be given in discussing appellants' assignments of error.

Appellants, in their motion for a new trial, predicated error of the trial court upon 20 grounds. These grounds are made assignments upon which they base 12 propositions of law. Their first proposition attacks the sufficiency of a trustee's deed through which appellees deraign their title. The deed of trust under which the lots sued for were sold authorized the trustee after maturity of the debt, default by the debtor, and request of the holder thereof "to sell the said above-described premises to the highest bidder for cash in hand at the court house door of Brown county, after giving notice of such sale as required in judicial sales." This deed of trust was dated October 26, 1893. The law governing "judicial sales" in force at

that time provided as to notice thereof the following:

"The time and place of making sale of real estate under execution, order of sale, or venditioni exponas, shall be advertised by the officer by having notice thereof published in the English language, once a week for three consecutive weeks immediately preceding such sale, in some newspaper published in such county. The first of such publications shall appear not less than twenty days immediately preceding the day of sale," etc. Acts 1893, c. 15.

The Revised Statutes of 1895 (article 2366) changed the law of 1893 relating to advertising of lands in judicial sales, and adopted the language of the act of 1889 (Acts 1889, c. 118), which provided that notice of such sales should be made "by posting up written or printed notices thereof at three public places in the county, one of which shall be at the door of the court house of the county," etc., the other provisions not being essential to the question under discussion. The sale of the lands in controversy by the trustee was made on December 7, 1897, and his deed to S. P. Hibbard, the purchaser, contains the following recitals as to notice:

"Due and legal notice of the time, terms and place of sale of the property hereinafter described was given by posting notices of sale in three separate public places, one of which was at the county courthouse door in the city of Brownwood."

[1, 2] Appellants' contention is that the trustee's deed shows upon its face that he did not comply with the terms of the deed of trust nor with the law as to notice in force at the time of its execution, and that therefore the purported trustee's sale was void; that appellants were never divested of their title; and that appellees' grantors never obtained any title. If in fact the trustee did not give notice of sale of these lands by publishing same in a newspaper, he did not comply with the terms of the deed of trust, and his attempted sale of the property involved was void. It is true that article 3759, Revised Statutes of 1911, relating to notice of sales under deeds of trust, has been in force since 1889, and the language thereof, "notice shall be given as now required in judicial sales," has been interpreted to mean that such notices were to be given in accordance with the law governing judicial sales as it existed in 1889, which was that such notices be posted in three public places, etc., one of which must be at the court house door of the county. Fischer v. Simon, 95 Tex. 234, 66 S. W. 447, 882. If the recitals in the trustee's deed in the instant case are true, the trustee complied with that statute. It cannot be contended, however, that the parties, at the time they executed the deed of trust in 1893, could not have provided for such other or additional notice of sale of their lands as they saw fit. And when the grantors in said

deed of trust placed therein the provision, in 1893, that the trustee was authorized to sell their lands only "after giving notice of such sale as required in judicial sales," it must be presumed that they had in mind the laws governing notice of judicial sales then in force, which required such notices to be published in a newspaper in Brown county. Power of sale under a deed of trust is a harsh method of collecting debts and of disposing of another's property, and it has been uniformly held in this state that the provisions and restrictions placed upon, and made a prerequisite to, the exercise of such power whereby one's property is to be taken away must be strictly followed. The maker of such instrument may impose upon the trustee such restrictions and requirements as he deems necessary, and the trust must be executed by him in strict accordance therewith or no title passes. Michael v. Crawford, 108 Tex. 352, 193 S. W. 1070; Bemis v. Williams 32 Tex. Civ. App. 393, 74 S. W. 332; Boyd v. Johnson (Tex. Civ. App.) 234 S. W. 235; Meisner v. Taylor, 56 Tex. Civ. App. 187, 120 S. W. 1014.

The case of Chamberlain v. Trammel, 61 Tex. Civ. App. 655, 131 S. W. 229, in which an application for writ of error was dismissed on November 30, 1910, involved the identical point here raised. In a well-considered opinion by Judge Willson in that case the contention of appellants here is sustained, and we quote from that opinion the following:

"We think it should be held that the notice the maker of the trust deed contracted for was a notice to be given in the way the law in force at the time it was made required notice to be given of a judicial sale. Presumably he was acquainted with the requirements of the law then in force with reference to such sales, and had same in mind when he stipulated for the notice. He could not have known what would be the requirements of the law in force at the time a sale might be made under the trust deed, and therefore with reason could not be said to have contemplated such notice as it might then require. For his protection in the event a sale of the property should be made under the trust deed, the maker thereof had a right to stipulate for such notice thereof, before a sale should be made, as he might choose to have given, and he had a right to expect that the notice he stipulated for would be given. The power to sell conferred by a trust deed upon the trustee is an extraordinary one, and in making a sale the trustee must pursue its terms strictly. 'If the property is to be sold in a certain place at a certain time, or in a certain manner, as at private sale or public auction, with the consent or at the request of certain persons, those details must be literally followed and carried out, because the owner of the property has so provided. The details may appear frivolous and unimportant, but the maker of the deed saw proper to guard and protect his property by means of them, and for that reason they become important and essential.' Boone v. Miller, 86 Tex. 80, 23 S. W. 574; Building & Loan Association

v. Hardy, 86 Tex. 610, 26 S. W. 497, 24 L. R. A. 284, 40 Am. St. Rep. 870. Defendants in error insist that Act 1889, c. 118 (Sayles' Ann. Civ. St. 1897, art. 2369), 'supersedes the language of the contract on the notice required.' Said act of 1889 declared that 'all sales of real estate made in this state under powers conferred by any deed of trust or other contract lien shall be in the county in which such real estate is situated. Notice shall be given as now required in judicial sales,' etc. The notice required to be given of a judicial sale at the time the act took effect was by posting in public places. Construing the act, the Supreme Court held that 'the Legislature meant to provide that in all sales under trust deeds, and the like, made after the act became operative, notice should be given as required by the laws for judicial sales existing at that time; and the effect was to incorporate the law as to notice as to sales under execution in the act itself, and to make such laws a part thereof.' Fischer v. Simon, 95 Tex. 234, 66 S. W. 448, 882. We see no reason why the parties to the trust deed should not have contracted for such notice to be given of a sale by the trustee in addition to that required by said act 1889, as they thought proper; and they having, as we think, done so, we see no reason why it should not be held that the trustee before undertaking to exercise the power conferred by the deed in addition to giving the notice required by the act of 1889 must have given the notice by advertising in a newspaper, required by the stipulations in the trust deed. The requirement in the trust deed as to the notice to be given was not in the least inconsistent with the requirement of the act of 1889 as to notice."

[3, 4] In the absence of any other evidence, therefore, than the deed of trust itself and the trustee's deed containing the recitals above mentioned made thereunder, the trial court should have rendered judgment for appellant. However, if in fact the sale was advertised in a newspaper as well as posted, and all the provisions of the deed of trust were complied with by the trustee, his deed to the purchaser would be valid, whether such deed fully recited all such facts or not. When the trial court accepted the deed of trust and the trustee's deed as sufficient, the appellees were not called upon to offer further evidence. The record does not disclose whether they could have done so or not. If the terms of the deed of trust were fully complied with, the appellees are entitled to prove that fact. For this reason the case must be remanded instead of here rendered for appellants.

[5] Appellants' second proposition is that in the absence of a provision in the deed of trust that the recitals of fact contained in a trustee's deed made thereunder shall constitute evidence of such facts, it is incumbent upon one asserting title under a trustee's deed to prove that the provisions and stipulations contained in such deed of trust were in fact complied with. The Supreme Court has held that, where the makers of a deed of trust provide specifically therein that recitals in

a trustee's deed to a purchaser that the trustee has fully executed his trust shall be taken as evidence that he has done so, the introduction of such a deed in evidence makes a primá facie case that such sale was legally made. Adams v. Zellner, 107 Tex. 653, 183 S. W. 1143; Roe v. Davis, 106 Tex. 537, 172 S. W. 708. But in the instant case the deed of trust contained no such provision, and we are of the opinon that, to use the language of Judge Fisher in Meisner v. Taylor, 56 Tex. Civ. App. 192, 120 S. W. 1016—

"In the absence of such a provision in the deed of trust, it would have been necessary for the party asserting title under the instrument to have shown that the notices were posted."

Such necessity would apply with equal force to the requirement that such notice be published in a newspaper in the county. In the case of Boyd v. Johnson, (Tex. Civ. App.) 234 S. W. 236, the Court of Civil Appeals for the Fourth District, in discussing this point, used the following language:

"We are of the opinion that the same reasons which require the trustee to strictly pursue the course laid out for him in the deed * * * require also that one claiming title under the trustee's deed must show affirmatively that the trustee has exercised his powers in strict conformity with his written authority. In the deed of trust this trustee's course is expressly defined, step by step. It is only by pursuing this course literally and in good faith that he acquires the power to divest the mortgagor of his property and vest it in another. And when he does exercise this power and sells the mortgagor's property, the purchaser at such sale who invokes the authority of the courts to sustain his title must show that the trustee under whom he claims has duly acquired the power to convey by strictly following the course laid out for him. This may be shown by specific recitals in the deed from the trustee, but it is only from express recitals that the presumption of regularity arises. Presumption that the trustee had authority to convey does not arise from the mere fact of the execution of the conveyance, unless in the lapse of time and the death of witnesses or destruction of records and evidence the facts constituting authority cannot be shown by parol. Except in that contingency, the facts must be shown in one way or another. Recitals of the facts in the trustee's deed constitute prima facie evidence of the facts so recited, but even then such recitals may be rebutted by parol testimony. So, when a recital of a material fact to show authority of the trustee is omitted from the deed, such fact must be supplied by parol; otherwise the purchaser's case is not made."

In that case the deed of trust provided that the recitals in the trustee's deed should be taken as prima facie evidence that such recitals were true. Nor does the record in the instant case disclose any such facts as would raise a presumption, based upon lapse of time or loss of records, that the trustee had authority to convey, in the absence of

261 S.W.—30

proof thereof. If such a rule prevails in cases where the deed of trust provides that such recitals as the trustee's deed contains shall constitute prima facie evidence of facts recited, it should with all the more force apply where a deed of trust contains no such recitals, and one claiming under such trustee's deed should be required to show that his grantor had complied with the conditions imposed upon him. The trial court should have sustained appellants' objection to the introduction of the trustee's deed in the absence of any proof that the requirements of the deed of trust had been followed by the trustee.

[6-8] Under their third proposition appellants attack the sufficiency of the deed from Boston Safe Deposit & Trust Company, acting as trustee of the estate of S. P. Hibbard, deceased, to E. B. Cole. S. P. Hibbard was the purchaser of the lands in controversy at trustee's sale in 1897. He died in 1900, leaving a will in which he appointed Wendall G. Corthell and William Adams Munroe as executors, and in which he created several trusts, authorized the trustees to sell his property at their discretion, etc., and directed the application of the proceeds. The will was probated in 1901 in Massachusetts, and the above-named executors qualified as such. The certified copy of the probate proceedings filed in Brown county under the provisions of articles 7875-7878, Revised Statutes 1911, shows application made by the Boston Safe Deposit & Trust Company in 1919, to the Massachusetts probate court, for its appointment as trustee, reciting the death of one trustee and the resignation of another theretofore appointed. The proceedings also show the appointment by order of the probate court of said trust company as trustee. Appellants contend that only the executors and not the trustees were entitled to make a conveyance of the property. It is well settled that the powers of an executor or administrator and those of a trustee are separate and distinct. 39 Cyc. 249. In Hibbard's will the two trustees were first named, the device made to them, and their trust powers defined. Thereafter in the will these same men were named as executors. They could have qualified as executors and declined to accept the trust, or vice versa. As executors, when the will was probated, the estate collected, the debts paid, and the property turned over to trustees, their duties as executors may have been completely performed. But the trustees were to handle the property as provided in the will, and their trust extended over a period of many years. It is clear that the testator anticipated the appointment of other trustees of his estate than those named by him, because, after naming them in his will, he used the following language: "And request that no sureties be required on their official bonds

or on the bond of any trustees appointed under this my will." It is well settled that a trust will not fail for want of a trustee. 39 Cyc. 277. The will provided no method of selecting a trustee in case of death, resignation, or refusal to act of those appointed in the will. The Massachusetts court, therefore, had power to appoint a trustee in such event. After a lapse of 19 years after the will was probated, the estate was undoubtedly placed entirely in the hands of trustees. The court's order recites death of one and resignation of another trustee and the appointment of the trust company as their successor. It will be presumed that the appointment was legally made, and such trustee was the proper grantor in a deed made under the provisions of the will.

[9-11] Appellants' fourth, fifth, and ninth propositions attack the sufficiency of the deed to Cole, on the ground that the will of S. P. Hibbard was never probated in Texas, and that an executor or trustee had no authority to convey lands in Texas under such will, unless and until it was probated in this state, citing Webster v. Clarke, 100 Tex. 333, 99 S. W. 1019, 123 Am. St. Rep. 813; Mason v. Rodriguez, 53 Tex. Civ. App. 445, 115 S. W. 869; Sparkman v. Davenport (Tex. Civ. App.) 160 S. W. 414.

But we cannot agree with this contention. Nor do we disagree with the rule laid down in the cases cited. Had the executors undertaken to sell any property in Texas in their process of administration, or had they been given no authority in the will itself to sell such property, and had undertaken to sell real estate in Texas belonging to the estate of Hibbard, they would have been required to first probate his will in this state. But Hibbard's will specifically devised all his property to his trustees, naming them, "their heirs, executors, administrators and assigns as joint tenants, etc." It also gave his trustees full power and authority to sell at public or private sale any or all of his property at their discretion, to change investments, make proper deeds of conveyance, etc. Clearly we think the recording of certified copies of its probate, as prescribed by R. S. arts. 7875 to 7878, and the amendments thereof by the Act March 22, 1915, c. 69 (Vernon's Ann. Civ. St. Supp. 1918, arts. 7878a, 7878b), were sufficient muniments of title in the trustees named. Nor is it necessary to probate in this state a foreign will which has already been probated in another state, where such will gives the executor or trustee full power to convey the property. Mills v. Herndon, 60 Tex. 355; Simpkins, Administration of Estates, pp. 313, 527, 529, and authorities there cited; Lane v. Lumber Co. (Tex. Civ. App.) 176 S. W. 101. If the original trustees, who were also named as executors, had conveyed to Cole the lots in question, undoubtedly the certified copies

recorded as provided in articles 7875 to 7878 would be sufficient. The power of a substitute trustee, appointed by order of the probate court of Massachusetts to sell and convey lands in Texas may, however, raise some question as to his power to act in this state. But the rule is well established that a trust will not be allowed to fail for want of a trustee. Willis v. Alvey, 30 Tex. Civ. App. 96, 69 S. W. 1035. It is likewise the general rule that a successor or substitute trustee is vested with the same powers that his predecessor had. 26 R. C. L. par. 128, p. 1278; 39 Cyc. 283, 312. In the instant case the trustees were merely the instrumentalities for carrying out the specific trusts, fully expressed in the will itself. Had this will been probated in Texas, a Texas court would have had the same equity powers to appoint a trustee to succeed trustees who had died or resigned as did the Massachusetts court, and such trustee would have had the identical powers in either instance; that is, only such powers as were prescribed by the terms of the will itself. Hence we see no reason why the acts of the trustee, performed in accordance with the express provisions of the will, and under the appointment of the court in Massachusetts, should not be sufficient to pass title to Texas property, where articles 7875 et seq. of the Revised Statutes of Texas have been complied with.

[12] There is no merit in appellants' sixth proposition. Failure of an executor or administrator to include property belonging to an estate in his inventory thereof does not affect the estate's title to such property. The statute provides that an inventory is not conclusive for or against the executor or administrator in such a case. R. S. art. 3348; Cavitt v. Hardware Co. (Tex. Civ. App.) 204 S. W. 798; Id. (Tex. Com. App.) 212 S. W. 483.

[13, 14] In their seventh and tenth propositions appellants insist that appellees, if they were entitled to recover at all, must recover on the title owned by them at the time of the institution of their suit, and that, since the only title of any character proven by appellees was acquired by them after suit was filed, they were not entitled to recover. Such is the general rule. Collins v. Ballow, 72 Tex. 330, 10 S. W. 248. But a plaintiff may at any time before trial amend so as to set up an after-acquired title, abandon his old cause of action, and set up a trespass at a later date. He may likewise allege a trespass at a date anterior to that on which suit was filed. That the appellees did in the instant case. But, where a plaintiff abandons his old cause of action, and by amendment sets up a new, he becomes liable to pay all costs which have accrued up to the time of filing his amended pleading. Ballard v. Carmichael, 83 Tex. 358, 18 S. W. 734; Wiseman v. Cottingham, 107 Tex. 72, 174

S. W. 281. Plaintiffs' original petition does not appear in the record, however, and we are not in a position to determine whether or not his amended petition set up a new cause of action.

[15] We find no merit in appellants' eighth proposition. A deed from a corporation, properly executed and acknowedged, bearing the corporate seal, carries with it prima facie authority for its execution without reciting a resolution of the board of directors. R. S. art. 1173; Magee v. Paul (Tex. Civ. App.) 159 S. W. 330.

The view we take of the case makes it unnecessary for us to consider appellants' eleventh and twelfth propositions, as the case must be reversed and remanded for another trial. For the errors pointed out the judgment of the trial court will be reversed, and the cause remanded.

Reversed and remanded.