HILL et al. v. GOMEZ et al.  (No. 1546.)*

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1924. Rehearing Denied March 20, 1924.)

**1. Appeal and error ⬤⟹742(1) — Proposition not considered in absence of indication of connection between it and assignment of error.**

Where there is no indication in the several propositions to which assignment of error each is germane, the appellate court will not consider such propositions, but will go directly to the assignments and consider the points made and relied on in the attack of the judgment appealed from.

**2. Mortgages ⬤⟹137 — Mortgagor remains owner.**

A mortgagor remains the owner, notwithstanding the mortgages.

**3. Mortgages ⬤⟹594(5) — Junior mortgagee could redeem against senior mortgagee after foreclosure of junior mortgage and decree of sale.**

A junior mortgagee had the right of redemption as against the senior mortgagee, but before he could exercise that right there must have been a foreclosure of his mortgage and a decree obtained.

**4. Mortgages ⬤⟹427(2)—In suit to foreclose junior mortgage, senior mortgagee or his assignee not necessary parties.**

In a suit by a junior mortgagee to foreclose and obtain decree of sale, instituted to enable him to redeem from senior mortgagee, the latter or his assignee were not necessary parties.

**5. Mortgages ⬤⟹553—Junior mortgagee could assign his interest to mortgagor.**

A junior mortgagee, who obtained a foreclosure and decree of sale, could assign whatever interest in the premises he had to the mortgagor.

**6. Mortgages ⬤⟹369(6)—Suit by junior mortgagee to cancel mortgagor's quitclaim deed and to set aside trustee's deed of sale held direct attack on instruments sought to be set aside.**

A suit by one as mortgagor and as assignee of junior mortgagee, who obtained foreclosure of his mortgage and decree of sale to cancel for fraud a quitclaim deed given by the mortgagor to the purchaser at the trustee's sale in foreclosure proceedings of the senior mortgage, and to set aside on the same ground trustee's deed to defendant, *held* a direct attack upon the instruments sought to be set aside, which attack the sheriff's deed assigned to plaintiff was sufficient to support.

**7. Subrogation ⬤⟹14(3)—One paying note held by mortgagee became subrogated to mortgagee's rights.**

Purchaser at a trustee's sale in foreclosure proceedings, who paid the amount due the mortgagee, was subrogated to the latter's rights.

**8. Pleading ⬤⟹236(3)—Permitting trial amendment held discretionary.**

Permitting trial amendment *held* a matter within trial court's discretion.

**9. Appeal and error ⬤⟹740(1) — Assignment held duplicitous.**

Where an assignment of error complained of five separate issues submitted by the court, and another assignment of five or more, the assignments were duplicitous.

**10. Appeal and error ⬤⟹742(6)—Assignments of error held improperly presented, precluding consideration.**

Assignments of error to which the only proposition applicable was "the submission of issues, in submitting special issues, not warranted by any evidence in the case is improper," and for a statement referring to bills of exceptions "Nos. 13 to 25, Tr. 1, pp. 175 to 190," *held* improperly presented, and to require no consideration.

**11. Appeal and error ⬤⟹724(1)—Form of assignment of error held to violate rules of briefing, thus precluding consideration of assignment.**

An assignment of error reading "the court erred in the matters complained of in the twenty-eighth, twenty-ninth, thirtieth, thirty-first, and thirty-second grounds assigned in the motion for a new trial (Tr. pp. 139 to 142) in overruling the several objections made to questions propounded to" plaintiff, etc., *held* to violate rules of briefing, thus precluding its consideration.

**12. Mortgages ⬤⟹369(7)—Stipulation in deed of trust as to presumption of validity of trustee's sale held not applicable in suit directly attacking trustee's deed of sale.**

In a suit to set aside for fraud a trustee's deed of sale under deed of trust, stipulation in the deed of trust that the recitals in the conveyance to the purchaser at the trustee's sale shall be full evidence of the truth of the matters therein stated, and all prerequisites to such sale shall be presumed to have been performed, *held* not applicable; the suit being a direct attack upon such deed of conveyance.

**13. Mortgages ⬤⟹369(7) — Sheriff's deed to junior mortgagee offered in behalf of his assignee held not improperly admitted as against objection made.**

In a suit by one as mortgagor and as assignee of a junior mortgagee, who foreclosed to

---

set aside a trustee's deed of conveyance at a foreclosure sale under the senior mortgage, as evidenced by deed of trust, admission in evidence for plaintiff of sheriff's deed to junior mortgagee *held* not erroneous as against the objection that it did not show any right in plaintiff to recover, since such sheriff's deed was evidence of the junior mortgagee's debt against plaintiff, and of foreclosure of the junior mortgage, and established plaintiff's right to redeem as junior mortgagee, and supported the latter's assignment to plaintiff.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Consolidated suit by Jose Gomez and Guillermo Villa against J. L. Hill and others, in which Guillermo Villa became sole plaintiff by assignment. Judgment for plaintiff, and defendants appeal. Affirmed.

E. B. Elfers, D. G. Grantham, and A. S. Thurmond, all of El Paso, for appellants.

Davis, Jackson & Fryer, of El Paso, for appellee.

## Statement of the Case.

HARPER, C. J. April 22, 1918, Contreras and wife conveyed the land in controversy to Guillermo Villa. The latter executed his deed of trust to secure the payment of a note for $704.50, the balance of the purchase money, and named A. S. Thurmond trustee. It provided for sale by the trustee in case of default in payment of the note, "at the request of Contreras, or other holder (which request is hereby presumed) to enforce this trust." It then contains the usual provisions for posting notices, sale at courthouse door to highest bidder, etc., and then this stipulation:

"It is expressly agreed that the recitals in the conveyance to the purchaser shall be full evidence of the truth of the matters therein stated, and all prerequisites to the said sale shall be presumed to have been performed."

On December 24, 1919, Villa executed a warranty deed to the property to Jose Gomez, reciting consideration of $210, which contained the recital: "This mortgage lien being subject to one other lien previously given."

April 13, 1922, Gomez instituted suit against Villa, No. 22138, in Thirty-Fourth district court, to have this instrument declared to be a mortgage and have it foreclosed, and recovered judgment as prayed for; and thereafter execution was issued and levied upon the land in controversy. Sale was made by the sheriff to Gomez on August 1, 1922, and deed executed.

June 3, 1920, Thurmond, as trustee, conveyed the land to J. L. Hill for a consideration of $500. This deed is not copied in the statement of facts. The purchaser placed in possession.

July 27, 1920, Villa executed his quitclaim deed to J. L. Hill, consideration $500, and August 4, 1920, Hill in turn executed deed to Mrs. C. S. Thurmond, as her separate estate, one-half of the property, reciting $1 and other considerations.

March 20, 1922, Jose Gomez filed suit, No. 22048, Sixty-Fifth district, against Hill and Thurmond and wife to cancel the trust deed from Thurmond to Hill and the deed from Hill to Mrs. Thurmond, also the quitclaim deed from Villa to Hill, upon same grounds as relied upon by appellee, Villa, herein, and offered as junior mortgage to redeem from the senior mortgage.

August 4, 1922, Hill and Mrs. Thurmond, joined by her husband, A. S. Thurmond, filed suit No. 22478 in Thirty-Fourth district court, against Orndorff, sheriff, and Jose Gomez, in form of trespass to try title and to cancel sheriff's deed under the judgment in No. 22138, above noted, and to enjoin delivery of possession.

February 21, 1923, Gomez executed his written assignment of all right, title, and interest in the cause of action to Villa, and the latter by order of the court was permitted to intervene as plaintiff in cause No. 22048, which was transferred to the Sixty-Fifth district court, and consolidated with No. 22478, and now prosecuted under the latter number. Villa sues in his own right and as assignee of Gomez, and for cause of action pleaded that the sale by trustee, Thurmond, was void because (a) Thurmond was not called upon by Contreras, owner of the note, to sell, as provided in the deed of trust; that the place of sale was not given in the notice of sale, as provided, etc.; that it was fraudulent because it was sold to his law partner Hill; that it was sold for an inadequate consideration; that it was worth $6,000, and sold for $500; that it was sold for 10 per cent. attorney's fees and 10 per cent. commissions, thus making double compensation to the trustee; that said trustee, Thurmond, and Hill acted together fraudulently, with the intention not to get the best price; that as a part of the plan one-half of the property was conveyed to Thurmond's wife for a recited consideration of $1 and other sufficient values; that no consideration was paid by her, therefore she was not a purchaser for value without notice; that the quitclaim deed from him to Hill is a nullity, and should be declared to be void, because it was fraudulently obtained, setting up in detail the acts relied upon to rescind and cancel the deed; prayed for cancellation of the said deeds, for an accounting for the rents, and offered in return the moneys paid by Hill and Mrs. Thurmond, etc.; that he have judgment for title, removal of cloud, etc.

Appellants answered by general and special exceptions, general denial, and that Villa had been divested of his title and interest in the lands by the trustee's sale and the quitclaim deed above noted, and specially pleaded that the only interest Gomez had was

through the sheriff's deed; that it was ineffectual to vest title in him, because the defendants were not parties to that suit, so that any judgment therein could not affect them.

Tried to a jury, submitted upon special issues, and upon the verdict judgment was entered canceling the deeds, and for title and $400 damages against Hill and A. S. Thurmond, same being the difference between the value of the use of the premises of the property and the amount due on note for which the mortgage was executed.

The questions submitted in the original charge, and answers returned, are as follows:

"Question No. 1: Do you find from a preponderance of the evidence that Augustin Contreras did not authorize the sale of the premises in controversy herein by A. S. Thurmond, trustee in the deed of trust, prior to the sale of such premises? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 2: Do you find from a preponderance of the evidence that the sale from the trustee, A. S. Thurmond, to the defendant J. L. Hill was made through an agreement or understanding between them that such property would be bid off and sold to the defendant Hill? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 3: Do you find from a preponderance of the evidence that it was agreed between defendants J. L. Hill and A. S. Thurmond, prior to the sale, that the property in controversy would be bid in by the defendant J. L. Hill, and that the defendant A. S. Thurmond, or his wife, Mrs. Sue S. Thurmond, should have an interest in such property? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 4: Do you find from a preponderance of the evidence that Augustin Contreras canceled the note for $704.50, made to him by Villa, in consideration of the money which he received from the defendant J. L. Hill, and that said Augustin Contreras did not intend, and did not transfer, assign, or sell such note to the defendant, Hill? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 5: Do you find from a preponderance of the evidence that the defendant J. L. Hill, or Manuel E. Flores, stated to the plaintiff, Guillermo Villa, or his attorney, that unless he, Villa, signed the quitclaim deed to Hill, described in plaintiff's petition, that Hill would sell, or cause to be sold, Villa's house where he lived, and that Villa believed that unless he signed such deed his house would be sold, and that he was intimidated and acted through the fear of losing his house? Answer 'Yes' or 'No.' Answer: Yes."

And plaintiffs' questions, as follows:

"Question No. 2: Do you find from a preponderance of the evidence that Villa, with the knowledge and consent of J. L. Hill, was told that, unless he signed the quitclaim deed to Hill, that he would be put out of his home? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 3: Do you find from a preponderance of the evidence that Villa signed the quitclaim deed through fear that, if he did not do so, he would be put out of his home, and that, had he not so believed, he would not have signed the quitclaim deed? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 4: Do you find from a preponderance of the evidence that one situated as Villa was, as shown by the evidence in this case, would reasonably have signed such quitclaim deed, through fear of being put out of his home? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 5: Do you find from a preponderance of the evidence that the quitclaim deed in question in this case was procured through fraud of Thurmond and Hill in instituting suit on note of Contreras, and that said suit was used by Thurmond and Hill for the purpose of obtaining and did aid in obtaining said quitclaim deed? Actual fraud consists in any kind of artifice by which another is deceived. Answer: Yes.

"Question No. 6: What do you find from a preponderance of the evidence was the reasonable monthly rental value of the property in controversy from June 1, 1920, to date? Answer, writing amount in dollars and cents. Answer: $63.75 per month, gross.

"Question No. 7: What do you find, from a preponderance of the evidence, was the reasonable market value of the property in controversy on June 1, 1920? Answer, writing amount in dollars and cents. Answer: $4,500.

"Question No. 8: Do you find from a preponderance of the evidence that the deed from J. L. Hill to Mrs. Sue S. Thurmond was fraudulent? Answer 'Yes' or 'No.' Answer: Yes."

Other special charges were given at the request of the parties, but not necessary to be copied in view of the record.

## Opinion.

[1] Being no indication in the several propositions to which assignment of error each is germane, we go at once to the assignments and consider the points made and relied on in the attack on the judgment appealed from. Blakeney et al. v. Johnson County (Tex. Civ. App.) 253 S. W. 333.

Taking them up in what seems to be their logical order, the eighth is that the court erred in overruling the general and special exceptions to plaintiff (Villa) and Gomez' pleading, because, it is urged, Gomez being a junior mortgagee, whose equity of redemption had been cut off by the trustee's sale foreclosing a senior deed of trust lien, the sheriff's deed relied on would not support a recovery upon collateral attack. And Villa's right to maintain the suit being predicated upon the assignment from Gomez, he (Villa) as intervening plaintiff, could not recover.

[2] At the time this cause went to trial Villa was sole plaintiff; Gomez having dropped out by assigning all his interest to the former. And appellants filed their last amendment as defendants, so any demurrer addressed to the pleadings of Gomez was and is immaterial to any question here involved, unless Villa's rights depend in whole or in part upon Gomez' interest so assigned; Villa was at all times the owner of the fee, notwithstanding the mortgages (Willis v. Moore et al., 59 Tex. 629, 46 Am. Rep. 284; Holmes

et al. v. Tennant [Tex. Com. App.] 231 S. W. 313); of course, until divested of it by one of the ways provided by law.

[3-5] Gomez, being junior mortgagee, held the right of redemption as against the senior mortgagee, but before he could exercise this right there must be a foreclosure of his mortgage and decree of sale, and this is one of the things he sought to do by his suit, and appellants were not necessary parties to such suit. And having accomplished this he could assign such interest or chose in action to Villa, and, when this was done, Villa was the legal owner of the title as against the first mortgagee, Contreras, unless he had lost it by a legal sale by the trustee, Thurmond, or by the quitclaim deed. Jones on Mortgages, § 1075; Gordon v. Hannaman et al. (Tex. Civ. App.) 234 S. W. 569.

[6, 7] And, having set up the facts upon which he relies for cancellation of the quitclaim deed and to set aside the trustee's deed, his suit is a direct and not a collateral attack upon said instruments, and upon proof of these facts was entitled to his decree canceling the instruments, whereupon he could exercise his equity of redemption by paying the debt which was the basis of the lien. Hill having paid the amount due, Contreras was subrogated to his rights.

[8] The fourth assignment is that the court erred in permitting the appellee to file trial amendment. The bill of exceptions shows:

"After the close of the testimony, both parties having rested, plaintiffs requested of the court leave to file their 'first trial amendment,' stating to the court that such trial amendment was offered 'to meet the issues and facts developed by the testimony.' Said 'first trial amendment,' alleged and set up the following: 'That defendant J. L. Hill, through his attorney, defendant A. S. Thurmond, fraudulently filed suit in the county court at law to recover balance due on the Contreras note, which, in fact. had been satisfied and canceled; that said defendants used said suit for the purpose of coercing and putting in jeopardy plaintiff Villa; that at or about the time of the filing of said suit Manuel E. Flores, at the instance of and with the knowledge and consent of said Hill, told plaintiff Villa that, unless he would accept $500, and execute the quitclaim deed in favor of said Hill, said Hill and Thurmond had framed a suit against him; and that they would thereby put him out of his home. Plaintiffs charge that the filing was for the purpose of coercing said Villa and his attorneys, and that defendants Thurmond and Hill did use same for said purpose and unlawfully and fraudulently caused said Flores and one Volney Howard, his representative, to so advise plaintiff Villa that, unless he executed said instrument, he would be put out of his house, and said Villa, believing said threats, through fear and through said duress, signed said quitclaim deed for the consideration therein mentioned. Wherefore plaintiffs pray as in their original petition.'

"Defendants at the time said trial amendment was offered and request made for leave to file objected to leave being granted and to the filing of said trial amendment, for the reason that the testimony was closed, and there had been no evidence adduced that at or about the time of filing of the suit referred to in said trial amendment that Manuel Flores had told Guillermo Villa anything 'with the knowledge and consent of said Hill,' nor was there any testimony whatever that Thurmond and Hill had caused or could cause Flores or Volney Howard to advise Villa anything, and for the reason that said trial amendment, in view of the testimony already adduced, shows that it was framed in utter disregard of and contrary to the evidence; there being no testimony whatever of any coercion of Flores or Howard."

The answer to this is that it was a matter within the discretion of the trial court to permit it to be filed, and there is nothing to indicate an abuse of such discretion. The facts detailed in this pleading have ample support in the record.

[9, 10] The sixth assignment complains of five separate issues submitted by the court, and the seventh of five or more, and is therefore duplicitous.

The only proposition which could apply to them is: "The submission of issues, in submitting special issues, not waranted by any evidence in the case is improper," and for statement we are referred to bills of exceptions Nos. 13 to 25, Tr. 1, pp. 175 to 190.

These are not properly presented to require us to consider, them. Equipment Co. v. Luse (Tex. Civ. App.) 250 S. W. 1104, but we have done so, and find them without merit.

The fifth assignment charges error in submitting the third, fourth, and fifth issues of the main charge copied above. It is apparent from the contents of these questions that they are in line with the issues raised by the pleadings, and the evidence justifies their submission, and supports the findings of the jury.

[11] The ninth:

"The court erred in the matters complained of in the twenty-eighth, twenty-ninth, thirtieth, thirty-first, and thirty-second grounds assigned in the motion for a new trial (Tr. pp. 139 to 142) in overruling the several objections made to questions propounded to Villa," etc.

It is apparent that this is in violation of the rules for briefing, and cannot be considered.

[12] The tenth charges error in refusing to submit special issue requested by appellants to the effect:

"The mortgage containing the stipulation that it is agreed that the recitals in the conveyance to the purchaser shall be full evidence of the truth of the matters therein stated and all prerequisites to said sale shall be presumed to have been performed the burden of proving that the trustee was not requested to make the sale is upon the plaintiff."

Under this record the plaintiff has clearly met the burden, and there is no evidence to the contrary.

The trustees' deed is not copied in the record, so we have not the benefit of any recitals in it (Boyd et al. v. Johnson [Tex. Civ. App.] 234 S. W. 235), but if it were before us the rule would not apply between the parties upon direct attack as is the fact in the instant case.

[13] It was not error to admit in evidence the sheriff's deed to Gomez over the objection that it did not show any right in plaintiff to recover. It was evidence of Gomez' debt against Villa, foreclosure of his mortgage, establishes his right to redeem as junior mortgagee (Gordon v. Hammerman, supra), and supports his assignment to Villa. The other assignment complains of the refusal to charge a verdict for appellants, and there is no merit in this.

Affirmed.