## RAMPY v. NANCE.  (No. 3246.)*

(Court of Civil Appeals of Texas. Texarkana. May 14, 1926. Rehearing Denied May 27, 1926.)

1. **Payment** ⊜⟹38(1).

When a debt is paid in part, debtor may demand that amount paid shall be credited on the debt.

2. **Payment** ⊜⟹50.

When a debt is paid in full, debtor may demand surrender of his written obligation.

3. **Mortgages** ⊜⟹298(1)—**Agreement between debtor and creditor to return money paid on debt and to continue original debt and mortgage securing it held valid.**

Where debtor paid note secured by mortgage, but before surrender of note parties agreed that money paid should be returned and original debt and lien continued, the agreement was valid and enforceable, in absence of interested third parties.

Appeal from District Court, Anderson County; Ben F. Dent, Judge.

Suit by Wm. H. Nance against J. H. Rampy, wherein Mrs. Sallie Word Nance, as executrix and sole legatee under will of said Nance, was substituted as plaintiff. Judgment for plaintiff, and defendant appeals. Affirmed.

W. R. Petty, of Palestine, for appellant.
W. C. Campbell, of Palestine, for appellee.

HODGES, J. This suit was originally filed by Wm. H. Nance against J. H. Rampy to recover the sum of $975.75 due on a promissory note, together with interest and attorney's fees, and to foreclose a lien upon some land. Before trial Nance died, and his widow, the executrix under the will of Nance, and the sole legatee, continued the suit. As a defense Rampy pleaded payment, and that is the only issue involved in this appeal. The following are, in substance, the material facts embraced in the findings filed by the trial judge:

On February 25, 1919, Rampy executed and delivered to Wm. H. Nance his note for the sum of $975.75, bearing interest from date at the rate of 10 per cent. per annum, and due January 1, 1920. To secure the payment of the note Rampy executed liens upon land which the court determined constituted no part of Rampy's homestead. About the time the note became due Rampy paid to Adam Cone the sum of $500 to be delivered to Nance as a payment on the note. A few days later Rampy paid to Nance the further sum of $475, the two payments being sufficient to discharge the note if they had been so applied. But neither the $500 paid to Nance by Cone nor that paid by Rampy was ever so applied. At the time Rampy tendered his payment he represented to Nance that if the money so tendered were applied it would be necessary for him, Rampy, to borrow additional money from Nance "to run him and operate his farms for another year; whereupon it was agreed between J. H. Rampy and Wm. H. Nance that instead of applying the said money as a credit upon and in payment of said note, the said Nance would return the money tendered as a payment on said note to said J. H. Rampy, and which was done, and the time for the payment of said note was extended for another year, and said sums of money were never in fact applied as a credit upon or in discharge of said note."

Upon those findings and others, not necessary to mention, the court rendered a judgment for the full amount of the note, principal, interest and attorney's fees and directed a foreclosure of the lien upon the land mortgaged to secure the debt.

[1-3] It is contended in this appeal that the money delivered to Nance by Cone and that paid over by Rampy in legal effect extinguished the debt and lien and canceled the note and mortgage. Whether or not money delivered by the debtor to his creditor is to be considered and applied as a payment depends upon the intention of the parties. When a debt is paid in part the debtor has the right to demand that the amount paid shall be credited on the debt. When it is paid in full the debtor may demand the surrender of his written obligation. If before or at the time the details usually attending the transaction of payment and surrender are completed, and in the absence of interested third parties, the debtor and creditor agree that the money delivered or tendered as payment shall be returned and the original debt continued, there appears to be no legal reason why that could not be done. Girard Trust Co. v. Baird, 212 Pa. 41, 61 A. 507, 1 L. R. A. (N. S.) 405, 4 Ann. Cas. 314. An agreement to continue the old evidences of the debt and lien requires no more power

than does the execution of a new note and mortgage.

There is no merit in the contention that the court erred in stating that the note bore interest from date instead of from maturity. The judgment embraces only interest from maturity.

The judgment will be affirmed.