## MOSER et al. v. SAMPLES. (No. 3491.)

Court of Civil Appeals of Texas. Texarkana.
Dec. 31, 1927.

Rehearing Denied Jan. 5, 1928.

1. Mortgages ⬦353—Sale by trustee was void where he failed to give notice to grantors of trust deed either in person or by mail (Complete Tex. St. 1920, arts. 3757, 6016½).

Where trust deed provided that notice of sale thereunder should be given as was then required by statutes in making sales of real estate, sale of land by trustee at public auction, after notice only by publication in a newspaper, was void, since requirement of Complete Tex. St. 1920, art. 3757, that notice of judicial sale be given by publication in newspaper or by posting and further by giving written notice to defendant either in person or by mail, was not affected or repealed by article 6016½, requiring that notices other than those of sales of real estate under execution should be made by publication in newspaper.

2. Abatement and revival ⬦84—Sustaining exceptions to amended answer first setting up that suit was prematurely brought held proper.

Where original answer in suit to foreclose mortgage consisted of general demurrer, general denial, and plea of not guilty, sustaining general demurrer to amended original answer, setting up that suit was prematurely brought, was proper.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Suit by S. M. Samples against N. J. Moser and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded for new trial.

By a deed dated December 14, 1922, A. J. Beavers conveyed 117.3 acres of land in Wood county to appellant N. J. Moser. Part of the consideration for the conveyance was six promissory notes (five of the six being for $100 each, and the other one for $600) then executed and delivered to Beavers by said appellant and his wife, appellant Emma Moser. The notes were payable November 1, 1923, 1924, 1925, 1926, 1927, and 1928, respectively, and payment thereof was secured by a vendor's lien retained on the land and by a deed dated February 21, 1923, whereby appellants conveyed the land to C. H. Britton as trustee. The conveyance to Britton was also to secure a note payable January 1, 1924, for $96.37 advanced by Beavers to appellants to use in paying taxes due on the land. By the terms of the deed to Britton as trustee, failure of appellants to pay any one of the notes mentioned when it became due was to mature the others, and the trustee, when requested to do so by the holders of the notes, was to sell the land "at public auction for cash, after having given notice of the time and place, and in the manner and after the advertisement of such sale as is now required by the statutes of the state of Texas in making sales of real estate under deeds of trust." By other terms of said trust deed the holder of the notes was authorized to appoint a substitute trustee if Britton died, removed from Wood county, or refused or failed or was unable for any reason to act. By an instrument dated December 28, 1925, Beavers transferred the three notes for $100 each, payable November 1, 1925, 1926, and 1927, and the note for $600 payable November 1, 1928, together with the vendor's lien retained to secure same, and the title in him as the vendor of the land, to appellee S. M. Samples. At that time the notes for $100 each, due November 1, 1923 and 1924, respectively, and the note for $96.37 as well, had been paid. Britton having moved from Wood county, appellee by an instrument in writing dated January —, 1926, appointed B. F. Cathey to act as trustee in his stead; and, appellants having failed to pay the note for $100 maturing November 1, 1925, when it became due, and appellee having elected to declare the other notes due and payable, Cathey, as trustee, on March 2, 1926, sold the land at public auction. Appellee was the purchaser at that sale, and the land was conveyed to him by Cathey, as trustee, by a deed dated said March 2, 1926, and a deed dated April 16, 1926, made to correct errors in the deed of March 2, 1926. This suit by appellee against appellants, commenced April 19, 1926, was to recover the possession and title to the land, or, in the alternative, the amount of the notes, with a foreclosure of the vendor's lien and the lien of the trust deed securing same. The original answer of appellants, filed May 18, 1926, consisted of a general demurrer, a general denial and a plea of "not guilty." An amended original answer filed by appellants February 28, 1927, contained the same

matters, followed by a plea alleging that the time for the payment of the note for $100 due November 1, 1925, had been extended, and that same was not due at the time of the sale of the land by the trustee, and by allegations of facts which appellants claimed entitled them to a recovery of damages against appellee. The court sustained an exception to the part of the amended answer setting up an extension of the time for the payment of the note mentioned, and, being of the opinion after hearing the evidence that it appeared as a matter of law that appellee was entitled to recover the possession and title to the land, instructed the jury to return a verdict finding he was. The jury having returned such a verdict, judgment for such possession and title was rendered in appellee's favor.

Jones & Jones, of Mineola, and A. J. Britton, of Quitman, for appellants.

Bozeman & Cathey, and V. B. Harris, all of Quitman, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] Appellant insists the sale of the land by the substitute trustee was void, because he says the provision in the trust deed that notice of a sale thereunder should be given as was then required by Texas statutes in making sales of real estate under such deeds was not complied with.

The applicable statute in force at the time the trust deed was made was article 3759, Vernon's Complete Texas Statutes, which required notice of a sale of land under a trust deed to be by posting, or "as required by statute in case of judicial sale," or as provided for in the trust deed or contract. A statute in force (to wit, article 3757, Vernon's Complete Texas Statutes) required notice of a judicial sale to be given by publication in a newspaper published in the county in which the land was situated, or by posting, if a newspaper was not published in such county, and required, further, that written notice of the sale should be given the defendant or his attorney "either in person or by mail." It was undisputed in the evidence heard at the trial that the notice given by the substitute trustee was by publication in a newspaper published in Wood county, where the land was situated, and that no personal notice of the sale was ever given to appellants, or to either of them, or to any one for them or either of them.

On the statement made, it is clear we think that appellants' contention should be sustained unless the effect of article 6016½, Vernon's Complete Texas Statutes (of a later date than article 3757 and also in force at the time the trust deed was made), was to repeal the provision in said article 3757, requiring personal notice of the sale of the land to be given to appellants or their attorney before the sale was made. Said article 6016½ was as follows:

"That whenever by law notice is required to be given of any act or proceeding, whether public or private, or relating to a judicial, executive, or legislative matter, which notice is now authorized by law or by contract, to be made by posting notices in one or more public places, such notices shall hereafter be given by publication thereof, in a newspaper of general circulation, which has been continuously and regularly published for a period of not less than one year, in the county in which said act or proceeding is to occur; provided, that nothing in this act shall be construed to require the publication of any general election notice, public road notices nor probate notices when the appraised value of the estate in which same is issued is less than $1,000; and provided further, that the provisions of this act shall not apply to sales made under a written contract wherein it is provided that notice of sale thereunder may be posted."

As we read said article 3757 and article 6016½, there is no conflict between them, and therefore no reason for holding the former operated to repeal the provision in the latter requiring written personal notice to the defendant of a sale of real estate belonging to him under judicial process. It seems that the purpose of the Legislature in enacting article 6016½ was not to change anything in article 3757, but merely to supplement same by a requirement that notices other than those of sales of real estate "under execution, order of sale, or venditioni exponas" should be by publication in a newspaper, and a requirement that such newspaper should be of a kind specified. In that view of the matter we are bound to hold that the sale made by the substitute trustee was void because of his failure to give appellants written notices of the sale he made before he made it. Boone v. Miller, 86 Tex. 74, 23 S. W. 574; Smith v. Allbright (Tex. Civ. App.) 261 S. W. 461.

[2] We think the contention presented in the first assignment of error, that the court erred when he sustained exceptions to the part of appellants' answer setting up that the suit was prematurely brought, is without merit, and overrule it. Duenkel v. Bank (Tex. Civ. App.) 222 S. W. 670.

The judgment will be reversed, and the cause will be remanded to the court below for a trial on issues presented by pleadings of the parties as to appellee's right to a judgment on the notes he sued on and a foreclosure of liens he claimed to secure same, and as to appellants' right to recover damages set up in their cross-action against appellee.