## CITY NAT. BANK OF CORPUS CHRISTI v. MORGAN et al.

### No. 8274.

Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1929.

Rehearing Granted April 23, 1930.

Rehearing Overruled July 9, 1930.

E. B. Ward, of Corpus Christi, for appellant.

Tarlton & Lowe, B. S. Odem, Sidney P. Chandler, and Emeline Jackson, all of Corpus Christi, for appellees.

COBBS, J.

There is no brief statement of the nature and result of the case as is provided by the rules of practice and procedure. Harry J. Neihaus sued Bertha Morgan and the City National Bank to foreclose the mortgage lien in the first deed of trust and also in the deed of trust in favor of E. B. Eidson, alleging that there was some question as to the priority of the rights of the plaintiff and defendant bank, and that plaintiff was entitled to have a foreclosure of his said prior lien, which liens were subject to the rights of the Dallas Joint Stock Land Bank of Dallas, who held the first lien for $6,000; and alleging a $210 interest note by E. B. Eidson to the said Joint Stock Land Bank, being for interest due by Bertha Morgan to the said bank; and further alleging the deed of trust above referred to dated November 22, 1926, to secure a note for $1,665.70, and another note dated March 10, 1927, executed by Bertha Morgan to E. B. Eidson for the sum of $215, payable September 1, 1927; and also alleging an open account of E. B. Eidson for the sum of $111.76, plaintiff alleging that he was the owner and holder of the notes described and the account,

claiming an indebtedness against the defendant Bertha Morgan aggregating $4,200; and further alleging "that The City National Bank of Corpus Christi, Texas, defendant herein, claims some right, title or interest in the hereinbefore described lands belonging to the defendant, Mrs. Bertha Morgan, and that this plaintiff has a prior lien to any alleged or claimed right of said Bank, and that this plaintiff is entitled to have a foreclosure of his said liens on the above described lands as against defendants herein." Plaintiff further alleged that the City National Bank has a chattel mortgage on certain personal property belonging to Mrs. Bertha Morgan of the value of $3,000, to secure an alleged indebtedness held by said bank, "which said alleged indebtedness is claimed to be further secured by a lien and deed of trust on the land hereinbefore described, and that this plaintiff is entitled to have the said defendant exhaust the security on the said personal property, consisting of livestock, farming tools and implements, before said bank can claim any right, lien, title or remedy against said land; * * * that if this plaintiff's lien on said land should be declared to be secondary to and subordinate to a portion of the defendant Bank's lien this plaintiff is entitled to have the said bank exhaust the security on said personal property first before it can resort to any security on the said land hereinbefore described, and that such remedy would not hinder or delay the said bank in collecting its said claim.'

Bertha Morgan, on the 6th day of March, 1928, executed a deed to the City National Bank renouncing any claim or interest in the land in question.

The City National Bank filed its first amended original answer containing exceptions to the said first amended original petition, which were overruled.

Bertha Morgan filed her answer on November 8, 1927, consisting of demurrer and general denial. On February 11, 1929, E. B. Eidson filed his petition in intervention against Harry J. Neihaus, the City National Bank of Corpus Christi, Tex., and Bertha Morgan, alleging "that he was the owner of the obligation described in the plaintiff's original petition. It is alleged that the City National Bank assumed to pay intervener's claim for an indebtedness against Mrs. Bertha Morgan, and by reason thereof the City National Bank became personally obligated and liable to pay to intervener the total sum sued for, and that the lands described therein are charged with a lien securing the payment thereof in the sum of $4,200, with interest and costs of suit.

On May 2, 1928, Bertha Morgan filed her first amended original answer setting up agreement between her and the City National Bank, whereby in consideration of the delivery to the National Bank of a certain quitclaim deed, quitclaiming to said bank all of her right, title, and interest in the land, "said Bank agreed to and did obligate itself to pay off and discharge all the outstanding indebtedness against said above described land, particularly all the indebtednesses claimed in this suit by the plaintiff Harry J. Neihaus." She further alleged that on March 6, 1928, she executed and delivered to the bank her quitclaim deed to all of the property, and "did accept as full consideration therefor, the aforesaid promise and agreement on the part of said Bank to pay off said indebtedness and relieve her therefrom." She alleges that said bank has failed and refused to carry out its agreement to pay off the indebtedness, and prays the court "that she have judgment over against said defendant City National Bank for all of said indebtedness charged against her by the plaintiff herein, in the event the same should be adjudged against her," etc.

After the case had proceeded to trial, Bertha Morgan filed a trial amendment, in which she alleged that, when the City National Bank made the agreement with her to assume and pay off the alleged indebtedness, it had no intention to do the same, and that the representations made to her were false and untrue, and that they had no present intention of carrying out said agreement, and that it was made to gain an unfair advantage over her, and to mislead her to execute the quitclaim deed; and that she, relying upon such false promises, executed the same, and they have failed and refused to carry out the same, and thereby perpetrated a fraud upon her in the sum of $4,300, for which she prays judgment.

The City National Bank alleged in reply thereto that the quitclaim deed embraced the entire agreement in reference to the land, and there was no other consideration, and that she was estopped from denying the recitations made in her deed, and that she paid no consideration whatever to the bank to assume any obligation, as the title to the land was invested in the City National Bank, and it received no consideration for the alleged promise.

The City National Bank and E. B. Eidson, intervener, moved for instructed verdicts, which were refused, and the case was submitted to the jury upon special issues, and upon their findings the court entered judgment as follows: (1) For the sum of $4,315.79 in favor of E. B. Eidson against Mrs. Bertha Morgan, with interest; (2) Foreclosing the lien upon the lands; (3) foreclosing lien in favor of E. B. Eidson retained in deed of trust for $1,239.86, with 10 per cent. interest, and the sum of $123.98 at 6 per cent. interest, with costs of suit; (4) foreclosing lien in the deed of trust of November 22, 1926, for $2,323.41, with 10 per cent. interest and $357 with 6 per cent. interest; (5) that the trustee's deed and sale made on the 6th day of December, 1927, be declared void and set aside; (6) that

Mrs. Bertha Morgan recover of City National Bank of Corpus Christi the sum of $4,315.79, with 6 per cent. interest.

The court rendered two separate judgments. One in favor of Eidson in excess of the amount prayed for with foreclosure, and one in favor of Mrs. Bertha Morgan in excess of the amount prayed for.

Intervener sued for $4,200, and Bertha Morgan prayed for $4,300, charged against her by the plaintiff. There was no judgment in favor of plaintiff, but in favor of intervener E. B. Eidson.

We do not think the trustee's sale by W. R. Norton can be held valid, and it passed no title to the bank, for the reason that it was made after suit had been brought on the deed of trust to foreclose the very lien upon which the sale was made, while there was a pending suit and litigation seeking through the court to foreclose the same lien, which had the effect of staying a sale outside of the jurisdiction of the courts, and such a foreclosure was in direct conflict with the courts' jurisdiction, and, if void, it passed no title.

Contemplating a settlement of the matters in controversy, the parties had met and discussed the matter, and were trying to sell the land to a Mr. Arnim, so that all the claims could be settled. The deed of the trustee, Norton, to the City National Bank shows no notice of sale and no dates and places where such notices were posted, nor that the notices of sale were published in any newspaper, or that Bertha Morgan was served with any personal notice of such sale. The trustee's deed recites that Mrs. Morgan was indebted to the bank in the sum of $9,966.24, which the bank demanded and she refused to pay, whereas in truth she only owed it $8,053.40.

Mr. Norton testified that Mrs. Morgan only owed a note for $8,053,40, and possibly a note for $242. The issue was submitted to the jury, and it found that the trustee's sale was made for the purpose of trying to avoid the issues involved in this suit. We cannot give our consent to the validity of this sale. Evidently, it was, as found by the jury, for the purpose of stopping the foreclosure suit, and to secure some advantage. Articles 3757, 3759, Rev. St. 1911, articles 3808, 3810, Rev. St. 1925; Clearman et al. v. Graham et ux. (Tex. Civ. App.) 4 S.W.(2d) 581, 583; Gandy et al. v. Cameron State Bank (Tex. Civ. App.) 2 S.W.(2d) 971; Hill v. Gomez (Tex. Civ. App.) 260 S. W. 618; Moser v. Samples (Tex. Civ. App.) 1 S.W.(2d) 935; Reisenberg v. Hankins et al. (Tex. Civ. App.) 258 S. W. 904; Smith et al. v. Allbright (Tex. Civ. App.) 261 S. W. 461, 464.

In the case of Clearman et al. v. Graham et ux., supra, after suit was filed, defendant readvertised the property and had a second sale as though no suit was pending, and the court said sale was subject to whatever rights the parties established by suit "if in fact the trustee did not lose authority to sell said land at all while the suit was pending." Indeed, after the suit for foreclosure of the same deed of trust, the power of sale granted therein was suspended. The deed of trust itself provided that the sale should be advertised by posting notices and by such other means as required by law, none of which were complied with. There is nothing stipulated or recited in the trustee's deed that shows a compliance with the law in respect to trustees' sales, as laid down in Smith v. Allbright, supra, and, as said in that case, "power of sale under a deed of trust is a harsh method of collecting debts and of disposing of another's property." The necessary facts with reference to the notice of sale, etc., should be shown by specific recitals in the deed from the trustee, for it is only by express recitals that the presumption of regularity arises.

The bank obtained no title, since the trustee's deed failed to show and to recite the requirements of notice. Moser v. Samples, supra.

A judicial proceeding was instituted to foreclose the lien expressed in the deed of trust prior to the foreclosure sale made under the deed of trust, so then the foreclosure under the power of sale set out in the deed of trust would avail nothing until a definite abandonment of the judicial proceedings, and that did not occur in this case. Gandy v. Cameron State Bank, supra. So then sales made under such circumstances are closely scrutinized, and on the slightest proof of unfair conduct will be turned down. Reisenberg v. Hankins, supra.

The appellee, in his brief, states: "That the alleged trustee's sale is void because: (a) The trustee did not give the notices as required by the deed of trust dated April 24, 1924; (b) Because the trustee tried to sell under two deeds of trust at one and the same time; (c) Because the Bank cannot foreclose under a deed of trust while the suit was pending wherein the rights of the parties as to the liens upon the land were involved; (d) Because the record shows that the sale by the Bank, as found by the jury, was for the purpose of trying to avoid the issues in this suit; (e) Because the record shows that the sale was made by the Bank in an effort to create a defense to this suit; (f) Because the record shows that the attempted sale by the Bank was an abuse of the power under the deeds of trust."

The jury found that Mrs. Morgan did not owe the City National Bank any sum of money under the first deed of trust, dated April 24, 1924, and that none of the indebtedness intended to be secured by such deed of trust to the bank remained unpaid, and that she did not owe any sum or sums of money advanced to her by the bank prior to that due E. B. Eidson under his $1,000 note. The right

to set aside the sale was manifest because it was shown that the amount due the bank secured by the first deed of trust was paid, and the bank was claiming more than it was entitled to. Rampy v. Nance (Tex. Civ. App.) 286 S. W. 294.

At the time the bank obtained the quitclaim deed from Mrs. Morgan, it obtained possession of the farm and title and possession of several head of mules and horses and all her farming implements, all in one transaction; and the bank assumed the debt of Mrs. Bertha Morgan due E. B. Eidson.

There are no exceptions to that part of the plea in intervention which sets up the contract of March 6, 1928, between the City National Bank and the defendant, whereby the bank agreed to assume intervener's claim against Mrs. Bertha Morgan, secured by a mortgage lien involved in this suit. Any exception the bank might level at that pleading was waived when the bank filed its answer denying the allegations set up in the intervener's petition. The bank did not sue in the alternative or in any other way upon any obligation alleged to be due.

There is no doubt but that the proof shows that the obligations claimed under the deed of trust of April 24, 1924, had been paid, and the jury found such to be the fact.

Plaintiff's suit is upon a number of liquidated claims evidenced by written instruments, undisputed, in fact, admitted to be due and unpaid, and not necessary for a finding by the jury. All issues that were not found by the jury, where the trial court rendered judgment, upon the findings of fact by the jury under issues submitted, no other issues having been requested—every fact material to the sufficiency of the judgment must be presumed to have been found in favor of it by the trial judge.

The sale on the 6th day of December, 1927, was subject to the final disposition of this suit, already pending for foreclosure of the same land, which had been filed for the purpose of ascertaining the amount of appellant's claims and in respect to the rights of the different parties and the appellee E. B. Eidson, who had the right to require appellant to first exhaust its remedy against the other securities before resorting to the land. The court submitted to the jury whether or not the bank had security on other funds to secure the same indebtedness, and the jury found it had. The bank stood on its claimed title, and had not asked for any foreclosure of any lien, and the court had a right to set aside the sale and leave the bank with its security on other property and require the bank to pay the debt it had assumed when it purchased the land involved in the suit; and the contention that the court should not have submitted such issue is not well taken. Such land would have been ordered sold by the

judgment and the proceeds first applied to the satisfaction of the bank's claim which was left unsatisfied with the balance paid to E. B. Eidson, if any, or, if E. B. Eidson's claims were secured by a superior lien to that of the bank, then the land should have been ordered sold and the proceeds of the sale applied first to the payment of Eidson's claim, with the remainder, if any, paid to the bank, if the bank had not first been satisfied through the sale of other property upon which it had a mortgage.

A judgment in favor of E. B. Eidson, with a foreclosure upon the land, was proper. The bank is personally responsible to E. B. Eidson for the amount of the judgment, and the land secures Eidson's claims under the deeds of trust. The bank should pay E. B. Eidson, and the land is charged with a lien securing his claims.

We have given this appeal much attention, and have thoroughly and carefully examined all the assignments and propositions appellant has submitted and urged, and have overruled them all. Finding no error assigned that should call for a reversal, we affirm the judgment of the trial court.

## On Motion for Rehearing.

SMITH, J.

Mrs. Bertha Morgan, a feme sole, owned the land involved.

1. On April 24, 1924, Mrs. Morgan executed and delivered a deed of trust upon the land to secure the City National Bank of Corpus Christi in the payment of her indebtedness to it in the sums of $500 and $150, evidenced by her notes, and $2,500 for future advances. In the same instrument a lien was also reserved to secure E. B. Eidson in the payment of Mrs. Morgan's debt to him of $1,000, but Eidson's lien was in express terms made secondary to the bank's lien.

2. On December 23, 1924, Mrs. Morgan executed and delivered another and additional deed of trust upon the same land to secure the bank in the payment of her additional debts to it of $640 and $1,074, as well as subsequent indebtedness accruing from Mrs. Morgan to the Bank.

3. Two years later, on November 22, 1926, Mrs. Morgan executed and delivered yet another deed of trust to secure the said Eidson in the payment of her obligations to him in the sum of $1,665.71.

The effect of these transactions was to burden the land with a first lien to secure the bank in the sums of $500 and $150 and whatever advancements the bank thereafter made to Mrs. Morgan in pursuance of that contract; with a second lien to secure Eidson in the sum of $1,000, enforceable after the satisfaction of said first lien; with a third lien to secure the bank in the sums of $640 and $1,-

074, enforceable after the satisfaction of the bank's first lien and Eidson's second lien; and with a fourth lien to secure Eidson in the sum of $1,665.71, enforceable after the satisfaction of the bank's first lien, Eidson's second lien, and the bank's third lien.

The bank did not seek in this action to recover upon Mrs. Morgan's indebtedness to it, or to foreclose any of its liens upon the land involved. The bank simply stood upon its claims to fee-simple title to the land by virtue of the trustee's sale to it, and of Mrs. Morgan's quitclaim deed of the land to it. The trial court held that the trustee's sale was ineffectual, and canceled the trustee's conveyance thereunder to the bank. We sustain that holding. The trustee's sale, pending this litigation, could not operate to impair or otherwise affect the rights of the parties as determined by the litigation, and the sale and conveyance thereunder were rendered ineffectual by the failure of the bank to show, affirmatively, that notice of such sale was given in the manner provided in the deed of trust, and by the laws relating to sales under the powers granted in such instrument.

No disposition was made in the decree of the quitclaim deed by which Mrs. Morgan, the holder of the legal title to the land, conveyed her title to the bank. But that conveyance was affirmed by Mrs. Morgan and Eidson, who set up that deed, and claimed and recovered the consideration they alleged the bank had agreed, by parol, to pay therefor; they sought and procured specific performance by the bank of its obligations under the quitclaim deed. The bank also set up that conveyance, and, having been required to perform thereunder, it was entitled to enforce the conveyance against Mrs. Morgan and Eidson; in other words, it was entitled to recover Mrs. Morgan's title, as against both Mrs. Morgan and Eidson, subject to the lien of Eidson to secure him for the amount of her debt to him, fixed by him in his pleadings at $4,200. He obtained judgment from her for $4,315, and for foreclosure upon the land to secure said sum. Under the findings of the jury she was entitled to judgment over against the bank for whatever sum she could be required to pay Eidson under his pleadings, to wit, $4,200. Instead of rendering judgment over in her behalf, however, the court rendered a direct judgment in her favor, against the bank, for $4,315. This was error, both in the character and amount of the decree. For, under that judgment, Eidson is entitled to execution against the bank's land for the sum of $4,315 to satisfy his claim against Mrs. Morgan of $4,200, and Mrs. Morgan may at the same time have execution directly against the bank for a like sum. By this process the bank is subjected, in effect (by both a foreclosure against the

property in favor of Eidson and an unqualified money judgment in favor of Mrs. Morgan), to liability amounting to $8,630, whereas its true liability under Eidson's prayer is only $4,200. It is therefore obvious that the judgment should not stand as written.

There is this further vice in the judgment: There was no finding of the jury of the amount adjudged to be owing by Mrs. Morgan to Eidson, and the evidence upon this phase of the case is not so clear and conclusive as to warrant the trial judge in taking that issue from the jury and determining it himself.

Appellant's motion for rehearing will be granted, and the judgment reversed and the cause remanded.