## NORRELL v. MARYLAND CASUALTY CO.*
### No. 6415.

Circuit Court of Appeals, Fifth Circuit.
Dec. 17, 1932.

*Rehearing denied January 28, 1933.

Harris M. Kimbrough, of Amarillo, Tex., for appellant.

E. H. Foster, John R. Fullingim, and Julius Dorenfield, Jr., all of Amarillo, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing a suit to review an award of the Industrial Accident Board of Texas on a claim for compensation under the Workmen's Compensation Law of Texas. Article 8307, Vernon's Annotated Texas Civil Statutes.

The case was submitted on an agreed statement of facts, from which it appears that appellant claimed to have been permanently injured in the course of his employment by the Coltexo Corporation, for which appellee had written a policy of insurance in conformity to the act. The Board made its award on March 15, 1930. On March 19,

1930, appellant filed his original petition in the District Court. Citation was served on appellee on March 20, 1930. On March 20, 1930, appellant filed with the Industrial Accident Board written notice that he would not abide by said award and that he intended to appeal from that award. Appellee filed its original answer, consisting of a general demurrer and general denial, during the April, 1930, term of the court. The original pleadings do not appear in the record, but thereafter the appellant filed its first amended original petition on October 7, 1930, and appellee filed its original amended answer on November 5, 1930, in which it set up for the first time that the court was without jurisdiction, substantially on the ground that the suit was filed one day before the notice required by the act was given.

The law provides that either party, if dissatisfied with the award, must give notice to the Board within 20 days after its decision is rendered that he will not abide by it and must file his suit to set it aside within 20 days after giving notice.

It is apparent that notice was given within 20 days after the award. So far the statute was complied with. If objection had been promptly made by the defendant, plaintiff could have dismissed his suit, if the objection were material, and might have immediately filed it again within 20 days after the notice.

It is the settled policy of the federal courts to disregard technicalities that do not affect the substantial rights of the parties. See 28 USCA § 391, and authorities cited. Giving full effect to the provision of the law requiring notice within 20 days, and suit within 20 days thereafter, as a statute of limitations barring the suit after the lapse of those periods, there is nothing in the act that would render fatal the filing of suit before the giving of notice, provided both were within 20 days after the award. At most the objection would be one of prematurity which would be waived by filing the general demurrer and general denial in the original answer. Hart v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 42 S.W.(2d) 798; Duenkel v. Amarillo Bank & Trust Co. (Tex. Civ. App.) 222 S. W. 670; Moser v. Samples (Tex. Civ. App.) 1 S.W.(2d) 935; Lumbermen's Trust Co. v. Title Ins. & Inv. Co. (C. C. A.) 248 F. 212. The objection to the jurisdiction of the District Court was purely technical and without merit.

Reversed and remanded.